2016 IL App (3d) 140559

Opinion filed June 28, 2016

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2016

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, |
| Plaintiff-Appellee, | ) ) | Appeal No. 3-14-0559 |
| v. | ) ) | Circuit No. 12-CF-3004 |
| JASON D. HAGERSTROM, | ) ) ) | Honorable Robert P. Livas, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE WRIGHT delivered the judgment of the court, with opinion.
Justices Carter and Holdridge concurred in the judgment and opinion.

**OPINION**

¶ 1        Defendant, Jason D. Hagerstrom, appeals from the second denial of his motion to reconsider his sentence. This court recently remanded this matter for new postplea proceedings, noting that counsel had failed to file a certificate in compliance with Illinois Supreme Court Rule 604(d) (eff. Feb. 6, 2013). *People v. Hagerstrom*, No. 3-14-0135 (June 5, 2014) (dispositional order). In the present appeal, defendant once again seeks remand for new postplea proceedings, arguing that counsel failed to strictly comply with Rule 604(d) after remand from this court.

¶ 2                                         FACTS

¶ 3          On September 26, 2013, defendant entered an open plea of guilty to seven counts of predatory criminal sexual assault of a child (720 ILCS 5/12-14.1(a)(1) (West 2008)).  After reciting the factual basis for the plea, the State informed the trial court that sentences on each of the seven counts would be mandatorily consecutive.  Defense counsel concurred as to the potential sentences.  In admonishing defendant as to the potential sentences, however, the court declared that the sentences were "consecutive eligible."  The court further admonished defendant that his sentences would each be followed by a three-year period of mandatory supervised release (MSR).

¶ 4          On December 30, 2013, the trial court sentenced defendant to consecutive terms of nine years' imprisonment on each count.  The court's sentencing order also called for a three-year period of MSR after each sentence.  Defendant, through counsel, subsequently filed a motion to reconsider the sentence, alleging that the sentence was excessive given the fact that he had accepted responsibility for the offenses and chosen to forgo a trial.  Defense counsel did not file a certificate pursuant to Illinois Supreme Court Rule 604(d) (eff. Feb. 6, 2013).  The trial court denied defendant's motion to reconsider.

¶ 5          On direct appeal, this court remanded for *de novo* postplea proceedings and strict compliance with Rule 604(d).  *Hagerstrom*, No. 3-14-0135.  On remand, defense counsel filed a certificate, dated July 15, 2014, which read as follows:

              "1  Counsel has consulted with the Defendant in person to ascertain his
              contentions of error in the entry of the sentence in the above cause

              2  Counsel has examined the Trial Court file and was the original counsel
              at both the plea and the sentencing hearing

3  Counsel has made any amendments to the Motion to Reconsider necessary for adequate presentation of any defects in those proceedings"

Defense counsel filed a motion to reconsider sentence identical to the original motion filed before remand.  The trial court denied the motion to reconsider sentence.

¶ 6                                                    ANALYSIS

¶ 7          On appeal, defendant argues defense counsel's 2014 Rule 604(d) certificate was not compliant with that rule, and requests remand for compliance and new postplea proceedings.  For purposes of this appeal, the State does not dispute that the Rule 604(d) certificate filed by defense counsel in 2014 failed to comply with the requirements of the rule.  Instead, the State focuses its argument solely upon the premise that defendant is not entitled to multiple remands.

¶ 8          Illinois Supreme Court Rule 604(d) (eff. Mar. 8, 2016) currently sets forth requirements for postplea counsel as follows:

> "The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by phone, mail, electronic means or in person to ascertain defendant's contentions of error in the sentence *and the entry of the plea of guilty*, has examined the trial court file *and both the report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing*, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings.  ***  Upon appeal any issue not raised by the defendant in the motion to reconsider the sentence or withdraw the

3

plea of guilty and vacate the judgment shall be deemed waived." (Emphases added.)[1]

¶ 9    Counsel's Rule 604(d) certificate in the present case was deficient in two distinct manners. First, counsel averred only that he ascertained defendant's contentions of errors in the entry of sentence. Under Rule 604(d), counsel should also have ascertained defendant's contentions of error in the entry of the guilty plea itself. Second, rather than reviewing the reports of proceedings of the guilty plea and sentencing hearings, counsel merely averred that he represented defendant at those hearings. Failure to strictly comply with the certification requirements of Rule 604(d) warrants remand to the trial court for new postplea proceedings. *E.g.*, *People v. Janes*, 158 Ill. 2d 27, 33 (1994).

¶ 10    Despite defense counsel's failure to strictly comply with Rule 604(d), the State on appeal maintains that a second remand is not necessary under *People v. Shirley*, 181 Ill. 2d 359 (1998). In *Shirley*, the appellate court remanded the matter a first time when defense counsel failed to file a Rule 604(d) certificate. *Id*. at 364. On remand, counsel filed a certificate averring that he had complied with the Rule 604(d) requirements prior to the original hearing, but also moved to

---

[1] A previous version of Rule 604(d)–that in effect at the time counsel filed the present certificate–required counsel to certify that he or she had ascertained "defendant's contentions of error in the sentence *or* the entry of the plea of guilty." (Emphasis added.) Ill. S. Ct. R. 604(d) (eff. Dec. 11, 2014). Our supreme court, however, had previously found the word "or" in the rule should "be given a literal, disjunctive reading," and held counsel must certify as to contentions of error in the sentence *and* the entry of the guilty plea. *People v. Tousignant*, 2014 IL 115329, ¶ 20. Accordingly, defense counsel's substantive duties in the present case would be the same under either version of the rule.

4

withdraw as counsel. *Id*. at 364-65. Subsequent counsel filed a motion to reduce sentence, and filed a compliant certificate four days after that motion was denied. *Id*. at 366. On appeal, the defendant argued that by filing the Rule 604(d) certificate four days after the hearing on the postplea motion, counsel had failed to strictly comply with the rule, and sought a second remand. *Id*. at 367.

¶ 11    The *Shirley* court found that a second remand was not warranted. *Id*. at 369. The court wrote:

> "We reject defendant's implicit premise that the strict compliance standard of [*Janes*] must be applied so mechanically as to require Illinois courts to grant multiple remands and new hearings following the initial remand hearing. Where, as here, the defendant was afforded a full and fair second opportunity to present a motion for reduced sentencing, we see limited value in requiring a repeat of the exercise, absent a good reason to do so." *Id*.

In reaching its disposition, the *Shirley* court emphasized that two compliant Rule 604(d) certificates had been filed in the case, as well as the fact that the sentence imposed on the defendant had been within the negotiated range agreed upon by the parties. *Id*. at 365 n.2, 370. The court concluded:

> "There is nothing in the record, or in the two motions to reduce sentences, or in the two Rule 604(d) certificates filed by two different attorneys, which indicates any reason why this court should remand the cause for a third hearing on defendant's claim that his sentences were excessive. In light of all these circumstances, requiring another remand and hearing on the motion to reduce sentences would be an empty and wasteful formality." *Id*. at 370.

5

¶ 12    The *Shirley* court explicitly premised its decision not to remand on the defendant's having already received "a full and fair" hearing following the initial remand, as well as on its finding that nothing on the record or in the Rule 604(d) certificates indicated a need for further remands. *Id*. at 369. In other words, the holding in *Shirley* does not create a bar on successive Rule 604(d) remands when appropriate. See *People v. Love*, 385 Ill. App. 3d 736, 739 (2008).

¶ 13    Unlike the circumstances presented to the court in *Shirley,* counsel for this defendant has not come *close* to compliance with Rule 604(d). It does not appear to this court that defense counsel discussed potential errors in the plea hearing with his client,[2] nor has counsel reviewed the relevant reports of proceedings. As noted by the court in *Love*, "[W]here compliance with the substantive requirements of Rule 604(d) is doubtful, so is the fairness of the proceedings." *Love*, 385 Ill. App. 3d at 739. A second remand to the trial court for *de novo* postplea proceedings and compliance with Rule 604(d) is thus necessary, and we conclude the State's position is unpersuasive.

¶ 14                          CONCLUSION

¶ 15    The judgment of the circuit court of Will County is vacated and the cause is remanded for *de novo* postplea proceedings.

¶ 16    Vacated in part.
¶ 17    Cause remanded.

---

[2] The State informed the court that defendant's sentences would be mandatorily consecutive and defense counsel agreed. However, the trial court informed defendant at the plea hearing only that his sentences would be "consecutive eligible."