# Illinois Official Reports

## Appellate Court

---

### *People v. Evans*, 2017 IL App (3d) 160019

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. PAUL J. EVANS III, Defendant-Appellant. |
| District & No. | Third District<br>Docket No. 3-16-0019 |
| Filed | January 10, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Will County, No. 10-CF-2408; the Hon. Amy Bertani-Tomczak, Judge, presiding. |
| Judgment | Vacated and remanded with directions. |
| Counsel on Appeal | Michael J. Pelletier and Sean Conley, of State Appellate Defender's Office, of Ottawa, for appellant.<br><br>James Glasgow, State's Attorney, of Joliet (Gary F. Gnidovec, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE O'BRIEN delivered the judgment of the court, with opinion.<br>Justice Carter concurred in the judgment and opinion.<br>Justice Schmidt dissented, with opinion. |

¶ 1 Defendant, Paul J. Evans III, pled guilty to home invasion (720 ILCS 5/12-11(a)(1) (West 2010)) and was sentenced to a term of 12 years' imprisonment. Defendant has tried to challenge that sentence as excessive through a postsentencing motion numerous times, but each time this court has remanded the matter on appeal either because defense counsel failed to strictly comply with Illinois Supreme Court Rule 604(d) (eff. Mar. 8, 2016) or on jurisdictional grounds. Following our latest remand, the trial court again denied defendant's motion to reduce sentence. On this appeal, defendant once again argues that his attorney failed to strictly comply with Rule 604(d). Once again, we agree with defendant and must remand the matter for strict compliance with that rule.

¶ 2                                                                    FACTS

¶ 3 Defendant entered an open plea of guilty to one count of home invasion in exchange for the *nolle prosequi* of the remaining charges. On November 16, 2011, the trial court sentenced defendant to a term of 12 years' imprisonment. The court also made a finding of great bodily harm, in turn ordering that defendant serve 85% of his sentence.

¶ 4 Defendant filed a motion to reconsider sentence on December 1, 2011. This motion to reconsider sentence would be the first of three such motions filed in a two-year span. Each time, the trial court denied the motion, and defendant appealed. On each appeal, this court remanded the matter because counsel had not strictly complied with the certification requirements of Rule 604(d). See *People v. Evans*, 2015 IL App (3d) 140753, ¶¶ 4-7 (providing detailed procedural history).

¶ 5 On September 25, 2014, following this court's third remand for Rule 604(d) compliance, but prior to this court's mandate being issued, defense counsel filed a new motion to reconsider sentence and a Rule 604(d) certificate. In that filing, counsel certified, *inter alia*: "Counsel has examined the Trial Court file and report of proceedings of the plea of guilty and was the original counsel at both the plea and the sentencing hearing." The trial court denied the motion prior to the issuance of the mandate.

¶ 6 This court subsequently held that the trial court was without jurisdiction to rule on the motion (*id.* ¶ 14) because the mandate from this court had not yet issued. The trial court's decision was void and therefore vacated. *Id.* ¶¶ 14, 17.

¶ 7 On January 8, 2016, defense counsel filed—for the fifth time—a motion to reconsider sentence and a Rule 604(d) certificate. In this certificate, as in the fourth certificate, defense counsel certified: "Counsel has examined the Trial Court file and report of proceedings of the plea of guilty and was the original counsel at both the plea and the sentencing hearing." The trial court denied the motion.

¶ 8                                                                  ANALYSIS

¶ 9 On this appeal, defendant argues that counsel has, once again, failed to strictly comply with the certification requirements of Rule 604(d). Defendant contends that strict compliance with the rule is mandatory and that the matter should therefore be remanded for such compliance. The State argues that defense counsel was not required to file a Rule 604(d) certificate at all. Alternatively, the State argues that defendant has already received a full and

fair hearing accompanied by a compliant certificate and that remand is therefore not necessary.

¶ 10                    I. Certification Requirement Under Rule 604(d)

¶ 11        Illinois Supreme Court Rule 604(d) (eff. Mar. 8, 2016) governs the procedures to be followed where a defendant wishes to appeal after pleading guilty. The rule, in its current form, mandates that defendants who entered an open guilty plea and wish to challenge the ensuing sentence must file a motion to reconsider sentence within 30 days of the imposition of the sentence. *Id.* Defendants who entered a negotiated guilty plea must file a motion to withdraw that plea if they wish to challenge the sentence.[1] *Id.* The current version of the rule also provides:

> "The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant *** to ascertain defendant's contentions of error in the sentence and the entry of the plea of guilty, has examined the trial court file and both the report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." *Id.*

The rule currently provides an outline of the required certificate, which defense counsel may simply print and fill in the blank spaces for the date and counsel's name. *Id.*

¶ 12        Paragraph (d) was added to Rule 604 in 1975. Ill. S. Ct. R. 604(d), Committee Comments (adopted July 1, 1975). The rule read: "The defendant's attorney shall file with the trial court a certificate ***." Ill. S. Ct. R. 604(d) (eff. July 1, 1975). The rule was amended 11 times over the next 39 years; in each iteration of the rule, the certificate requirement appeared in identical form.

¶ 13        Rule 604 was amended again on December 3, 2015. The amended rule added a clause to the certification requirement, resulting in the following: "If a motion to withdraw the plea of guilty is to be filed, the defendant's attorney shall file with the trial court a certificate ***." Ill. S. Ct. R. 604(d) (eff. Dec. 3, 2015). The rule was amended again 96 days later, on March 8, 2016. That amendment made only one change to the rule, removing the clause: "If a motion to withdraw the plea of guilty is to be filed." Ill. S. Ct. R. 604(d) (eff. Mar. 8, 2016).

¶ 14        Defense counsel in the present case filed his latest motion to reconsider sentence on January 8, 2016. The version of Rule 604(d) in effect at that time was the version enacted on December 3, 2015, which required a certificate only "[i]f a motion to withdraw the plea of guilty is to be filed." Ill. S. Ct. R. 604(d) (eff. Dec. 3, 2015). Because defendant was only filing a motion to reconsider sentence, the plain language of the rule in effect at the time did not mandate that counsel file a Rule 604(d) certificate.

¶ 15        Defendant acknowledges that the plain language of Rule 604(d) in effect at the time of filing did not require the filing of any certificate. However, he argues that the limiting clause added in the December 3, 2015, version of the rule—and subsequently removed in the March 8, 2016, version—was simply a scrivener's error and should be ignored. Alternatively,

---

[1]The rule defines a negotiated guilty plea as "one in which the prosecution has bound itself to recommend a specific sentence, or a specific range of sentence, or where the prosecution has made concessions relating to the sentence to be imposed." *Id.*

defendant contends that the version of the rule presently in effect can and should be applied retroactively. Such retroactive application would require defense counsel to have filed a compliant certificate in the present case, which defendant argues counsel failed to do. The State asserts that the December 3, 2015, addition was not a scrivener's error. However, the State has made no response to defendant's retroactivity argument.

¶ 16    It is well-settled that statutory amendments may be applied retroactively where they are procedural in nature and do not impair a vested right. *E.g.*, *Allegis Realty Investors v. Novak*, 223 Ill. 2d 318, 331 (2006) ("[Statutory amendments] that are procedural may be applied retroactively, while those that are substantive may not."); see also *People ex rel. Madigan v. Petco Petroleum Corp.*, 363 Ill. App. 3d 613, 621 (2006) (finding that supreme court's retroactivity framework "applies equally to supreme court rules"). "Generally, a procedural change in the law prescribes a method of enforcing rights or involves pleadings, evidence and practice." *Schweickert v. AG Services of America, Inc.*, 355 Ill. App. 3d 439, 442 (2005).

¶ 17    The statutory amendment in the present case was the March 8, 2016, removal of the clause limiting the certification requirement to those defendants moving to withdraw their guilty pleas. The amendment was clearly procedural, as it dictated the practices to be followed by defense attorneys in filing postplea motions. Moreover, far from impairing a vested right, the amendment actually served to expand the protections afforded to defendants challenging their sentences, by once again requiring counsel to follow the certification requirements. Accordingly, we find that the amended Rule 604(d), effective March 8, 2016, may be applied retroactively.

¶ 18    Furthermore, we find that the amended Rule 604(d) *should* be applied retroactively. Our supreme court has held that in determining whether a statutory amendment should apply retroactively, courts should consider whether such application would have "inequitable consequences." *Novak*, 223 Ill. 2d at 331. Here, the inequitable consequences would result if the statutory amendment was *not* applied retroactively. It would be inequitable if, for a 96-day period, defendants who only wished to challenge their sentence were not afforded the certification protections that they had been afforded since 1975. Indeed, the marked departure from the history of Rule 604(d) and the swift correction 96 days later tends to indicate that the December 3, 2015, amendment was nothing more than a scrivener's error. Moreover despite that amendment, defense counsel did file a Rule 604(d) certificate. Thus, retroactive application of the March 8, 2016, amendment will not hamper our analysis in any way.

¶ 19                          II. Strict Compliance With Rule 604(d)

¶ 20    It is well-settled that defense counsel must strictly comply with the certification requirements of Rule 604(d). *People v. Janes*, 158 Ill. 2d 27, 33 (1994); *People v. Love*, 385 Ill. App. 3d 736, 737 (2008). The remedy for counsel's failure to strictly comply with those requirements is remand to the trial court for such compliance. *Janes*, 158 Ill. 2d at 33 ("[T]he remedy for failure to strictly comply with each of the provisions of Rule 604(d) is a remand to the circuit court for the filing of a new motion to withdraw guilty plea or to reconsider sentence and a new hearing on the motion.").

¶ 21    In the present case, defense counsel asserted in his most recent certificate that he had examined the report of proceedings of the guilty plea. As to defendant's sentencing hearing, however, counsel merely asserted that he was the original counsel at that hearing. Counsel did not certify that he examined the report of proceedings of the sentencing hearing. Because

- 4 -

Rule 604(d) requires counsel to certify that he has examined the transcript of the sentencing hearing (see *supra* ¶ 11), counsel in the present case failed to strictly comply with the rule. See *People v. Steinmetz*, 110 Ill. App. 3d 439, 442 (1982). The State concedes this point.

¶ 22    The State argues, however, that remand is not necessary here, despite counsel's failure to strictly comply with Rule 604(d) in his most recent certificate. Specifically, the State posits that under *People v. Shirley*, 181 Ill. 2d 359 (1998), remand is not required because defendant has already been afforded a full and fair opportunity to present his postplea motion.

¶ 23    In *Shirley*, the defendant's case had already been remanded once for Rule 604(d) compliance. *Id.* at 364. On remand, new defense counsel failed to file a Rule 604(d) certificate with her motion to reduce sentence. *Id.* at 365. However, previous counsel had filed a compliant certificate before withdrawing, and new counsel filed a compliant certificate four days later. *Id.* at 366. Our supreme court rejected the defendant's argument that this failure to strictly comply with the rule's timing requirements warranted a second remand, finding: "Where, as here, the defendant was afforded a full and fair second opportunity to present a motion for reduced sentencing, we see limited value in requiring a repeat of the exercise, absent a good reason to do so." *Id.* at 369. The court also declared: "Our holding in no way retreats from this court's call for strict compliance with our rules." *Id.* at 370.

¶ 24    This court has expressly held that *Shirley* does not stand for the blanket proposition that a matter may only be remanded one time for compliance with Rule 604(d). *People v. Hagerstrom*, 2016 IL App (3d) 140559, ¶¶ 10-13. We wrote in *Hagerstrom*:

    "The *Shirley* court explicitly premised its decision not to remand on the defendant's having already received 'a full and fair' hearing following the initial remand, as well as on its finding that nothing on the record or in the Rule 604(d) certificates indicated a need for further remands. [Citation.] In other words, the holding in *Shirley* does not create a bar on successive Rule 604(d) remands when appropriate." *Id.* ¶ 12 (quoting *Shirley*, 181 Ill. 2d at 369).

The State does not argue otherwise. Instead, *Shirley* stands for the proposition that where a defendant receives a full and fair hearing, technical noncompliance with Rule 604(d) need not give rise to multiple remands. For example, in *Shirley*, multiple substantively compliant certificates were filed, but the timing of the certificates rendered them technically noncompliant. Thus, it is the *substantive* compliance with the Rule 604(d) certification requirements that ensures a full and fair postplea hearing. *Love*, 385 Ill. App. 3d at 739 ("[W]here compliance with the substantive requirements of Rule 604(d) is doubtful, so is the fairness of the proceedings. Accordingly, multiple remands are appropriate.").

¶ 25    The State contends that defendant did receive a full and fair postplea hearing in September 2014, arguing that the certificate filed at that time was compliant. See *supra* ¶¶ 5-6. However, this court held the September 2014 postplea hearing to be null and void. *Evans*, 2015 IL App (3d) 140753, ¶¶ 14, 17. Specifically, we held that the trial court was without jurisdiction to take any action prior to the filing of this court's mandate.[2]  It would be

_____

[2]Because we decided defendant's previous appeal on jurisdictional grounds, we did not address the substantive issue of whether the September 2014 certificate was compliant. Moreover, we would not have had the jurisdiction to do so.

irrational for this court to now find that defendant received a full and fair hearing before a court that lacked jurisdiction. We therefore reject the State's argument.

¶ 26 In fact, the State's argument illustrates the fundamental difference between the present case and *Shirley*. In *Shirley*, two unquestionably compliant certificates were filed, and a hearing was properly held before a court of competent jurisdiction. Neither of those certificates, however, was filed at the correct time. Thus, the issue in *Shirley* was one of timing. There our supreme court held that, in the interest of judicial economy, a technical shortcoming such as the mistimed filing of a Rule 604(d) certificate should be forgiven to avoid multiple remands, as long as the defendant had received a full and fair hearing.

¶ 27 In the present case, the issue is not timing, but jurisdiction. Unlike in *Shirley*, no compliant Rule 604(d) certificate has ever been filed in a court of competent jurisdiction. The trial court's lack of jurisdiction in September 2014 is not the sort of technical shortcoming that was forgiven by the *Shirley* court.

¶ 28 In order for defendant to receive a full and fair hearing on his postplea motion, we are compelled to again remand the matter to the trial court for new postplea proceedings in compliance with Rule 604(d).

¶ 29                                    CONCLUSION

¶ 30 The judgment of the circuit court of Will County is vacated and the matter is remanded with directions.

¶ 31 Vacated and remanded with directions.

¶ 32 JUSTICE SCHMIDT, dissenting.

¶ 33 Defendant, notwithstanding Rule 604(d) certificate errors, has had five hearings (one of which has been declared void because it occurred when the trial court lacked jurisdiction). Four is enough. There is no reason to believe that in five appearances before the trial court that defendant has not had a full and fair opportunity to present his motion for reduced sentencing. See *Shirley*, 181 Ill. 2d at 369. This has become an exercise in form over substance. I would affirm.