# Illinois Official Reports

## Appellate Court

---

### *People v. Gonzalez*, 2017 IL App (3d) 160183

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JUAN M. GONZALEZ, Defendant-Appellant. |
| District & No. | Third District<br>Docket No. 3-16-0183 |
| Filed | February 22, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Will County, No. 13-CF-777; the Hon. Sarah F. Jones, Judge, presiding. |
| Judgment | Vacated and remanded with instructions. |
| Counsel on Appeal | Michael J. Pelletier and Steven Varel, of State Appellate Defender's Office, of Ottawa, for appellant.<br><br>James Glasgow, State's Attorney, of Joliet (Justin A. Nicolosi, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE O'BRIEN delivered the judgment of the court, with opinion.<br>Presiding Justice Holdridge and Justice Lytton concurred in the judgment and opinion. |

**OPINION**

¶ 1    Defendant, Juan M. Gonzalez, appeals from the denial of his motion to reconsider sentence, arguing that a new Illinois Supreme Court Rule 604(d) certificate needed to be filed and new postplea proceedings held, as the filed certificate was not compliant with the amended rule. We vacate the trial court's decision on the motion to reconsider sentence and remand for new postplea proceedings.

¶ 2                                        FACTS

¶ 3    Defendant entered a blind guilty plea to two counts of predatory criminal sexual assault of a child (720 ILCS 5/11-1.40(a)(1) (West 2012)). The factual basis established that, on March 17, 2013, defendant was 42 years old and was consuming alcohol at a friend's house. The victim, E.L., was the four-year-old daughter of the friend. Defendant decided to leave to buy more alcohol and E.L. went with him. Defendant stopped at his house to use the restroom. While at his house, defendant put his penis and mouth on E.L.'s vagina. The judge accepted the plea.

¶ 4    Defendant was sentenced to 20 years' imprisonment on each count, to be served consecutively. Defendant filed a motion to reconsider sentence, which was denied. Defendant appealed. This court remanded the matter for strict compliance with Illinois Supreme Court Rule 604(d). *People v. Gonzalez*, No. 3-13-0919 (June 19, 2015) (dispositional order).

¶ 5    On remand, a new motion to reconsider and Rule 604(d) certificate were filed on September 23, 2015. The Rule 604(d) certificate stated counsel had:

"1. Consulted with the defendant in person to ascertain defendant's contentions of error in the sentence and the entry of the plea of guilty;

2. Examined the trial court file and report of proceedings of the plea of guilty;

3. Made any amendments to the motion necessary for adequate presentation of any defects in those proceedings."

A hearing on the motion was held on April 8, 2015, and the court denied the motion to reconsider.

¶ 6                                      ANALYSIS

¶ 7    On appeal, defendant argues that counsel has failed to strictly comply with the certification requirements of Rule 604(d) and requests that we remand the case for new postplea proceedings. Illinois Supreme Court Rule 604(d) (eff. Mar. 8, 2016) governs the procedures to be followed where a defendant wishes to appeal after pleading guilty. On September 23, 2015—the date defense counsel filed the motion to reconsider sentence and certificate—Rule 604(d) read, in pertinent part:

"The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by mail or in person to ascertain defendant's contentions of error in the sentence or the entry of the plea of guilty, *has examined the trial court file and report of proceedings of the plea of guilty*, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." (Emphasis added.) Ill. S. Ct. R. 604(d) (eff. Dec. 11, 2014).

¶ 8 Prior to the hearing on the motion to reconsider, Rule 604(d) was amended. Therefore, on the date of the hearing on the motion to reconsider, Rule 604(d) read:

"The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by phone, mail, electronic means, or in person to ascertain defendant's contentions of error in the sentence and the entry of the plea of guilty, *has examined the trial court file and both the report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing*, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." (Emphasis added.) Ill. S. Ct. R. 604(d) (eff. Mar. 8, 2016).

In other words, at the time the motion to reconsider was heard, Rule 604(d) required the attorney's certificate to aver that the attorney had examined the report of proceedings from both the plea of guilty and the sentencing hearing. At the time the motion was filed, Rule 604(d) only required the certificate to state that the attorney had examined the report of proceedings from the plea of guilty. The certificate the defense attorney filed only averred that she had reviewed the report of proceedings from the guilty plea, not from the sentencing hearing. Therefore, the defense attorney's certificate complied with the version of Rule 604(d) in place at the time the motion was filed, but not at the time the motion was heard and ruled upon.

¶ 9 Defendant argues that "[b]y making the amended version of the rule 'eff[ective] immediately' on March 8, 2016, the Illinois Supreme Court indicated its intent that the amended version of the rule apply immediately to all cases pending disposition in the circuit court." That is to say the amended version of Rule 604(d), defendant states, should be applied retroactively.

¶ 10 It is well-settled that statutory amendments may be applied retroactively where they are procedural in nature and do not impair a vested right. *E.g.*, *Allegis Realty Investors v. Novak*, 223 Ill. 2d 318, 331 (2006) ("[Statutory amendments] that are procedural may be applied retroactively, while those that are substantive may not."); see also *People ex rel. Madigan v. Petco Petroleum Corp.*, 363 Ill. App. 3d 613, 621 (2006) (finding the supreme court's retroactivity framework "applies equally to supreme court rules"). "Generally, a procedural change in the law prescribes a method of enforcing rights or involves pleadings, evidence and practice." *Schweickert v. AG Services of America, Inc.*, 355 Ill. App. 3d 439, 442 (2005).

¶ 11 As stated above, the Rule 604(d) amendment at issue here added that the attorney had to aver that he or she had examined the report of proceedings from the sentencing hearing. The amendment was clearly procedural, as it dictated the practices to be followed by defense attorneys in filing their Rule 604(d) certificate. Moreover, far from impairing a vested right, the amendment actually served to expand the protections afforded to defendants challenging their sentences by requiring counsel to examine the report of proceedings from the sentencing hearing. Accordingly, we find that the amended Rule 604(d), effective March 8, 2016, may be applied retroactively.

¶ 12 Furthermore, we find that the amended Rule 604(d) *should* be applied retroactively. Our supreme court has held that in determining whether a statutory amendment should apply retroactively, courts should consider whether such application would have "inequitable consequences." *Novak*, 223 Ill. 2d at 331. Here, applying the amendment retroactively would not have inequitable consequences, but would provide more protection to defendant without requiring too much work on the part of the attorney.

- 3 -

¶ 13    Because we find that the Rule 604(d) amendment applies retroactively, we next turn to the question of whether remand is necessary. Rule 604(d) demands strict compliance with each of the elements of the certification requirement. *People v. Janes*, 158 Ill. 2d 27, 33 (1994). The remedy for failing to strictly comply with the requirements is remand to the trial court for new postplea proceedings. *Id.* ("[T]he remedy for failure to strictly comply with each of the provisions of Rule 604(d) is a remand to the circuit court for the filing of a new motion to withdraw guilty plea or to reconsider sentence and a new hearing on the motion.").

¶ 14    Our recent decision in *People v. Evans*, 2017 IL App (3d) 160019, is particularly applicable in this case. In *Evans*, defense counsel filed a motion to reconsider sentence, but did not file a Rule 604(d) certificate because the version of Rule 604(d) in effect at the time only required such a certificate " '[i]f a motion to withdraw the plea of guilty is to be filed.' " *Id.* ¶ 14 (quoting Ill. S. Ct. R. 604(d) (eff. Dec. 3, 2015)). On appeal, we agreed with the defendant that the rule should be applied retroactively, thus requiring remand for defense counsel to file a Rule 604(d) certificate. *Id.* ¶ 15. In doing so, we noted that Rule 604(d) is a procedural law, could be applied retroactively, and, in fact, should be applied retroactively as equity favored more protection for the defendant. *Id.* ¶¶ 16-18. Further, we stated that remand was required because counsel did not strictly comply with the rule, as he did not certify that he had examined the report of proceedings from the sentencing hearing. *Id.* ¶ 21.

¶ 15    Here, as in *Evans*, defense counsel asserted in her Rule 604(d) certificate that she had examined the report of proceedings of the guilty plea. Defense counsel did not certify that she had examined the report of proceedings of the sentencing hearing. Because Rule 604(d) requires counsel to certify that she has examined the transcript of the sentencing hearing, counsel in the present case failed to strictly comply with the rule. See *People v. Steinmetz*, 110 Ill. App. 3d 439, 442 (1982). Therefore, remand is necessary for new postplea proceedings and strict compliance with the rule.

¶ 16    In coming to this conclusion, we reject the State's argument that remand is not required. Specifically, the State argues, like it did in *Evans*, that under *People v. Shirley*, 181 Ill. 2d 359 (1998), remand is unnecessary because defendant has already been afforded a full and fair opportunity to present his postplea motion. In *Evans*, we rejected the State's reliance on *Shirley* for this proposition. *Evans*, 2017 IL App (3d) 160019, ¶¶ 22-28. In doing so, we noted that "[t]his court has expressly held that *Shirley* does not stand for the blanket proposition that a matter may only be remanded one time for compliance with Rule 604(d)." *Id.* ¶ 24 (citing *People v. Hagerstrom*, 2016 IL App (3d) 140559, ¶¶ 10-13). Instead, *Shirley* stands for the proposition that multiple remands for compliance with Rule 604(d) are not necessary where a defendant received a full and fair hearing. *Id.* We held that, unlike in *Shirley*, where the only issue was the timeliness of the filing of an otherwise compliant 604(d) certificate, the defendant in *Evans* had not received a full and fair hearing, and, therefore, remand for strict compliance with Rule 604(d) was required. *Id.* ¶¶ 27-28.

¶ 17    Here, counsel has not averred that she examined the transcript of the sentencing hearing, which provided the basis of defendant's motion. See *Steinmetz*, 110 Ill. App. 3d at 442 ("[T]he concern [of Rule 604(d)] has to be that an attorney make a subsequent thorough and dispassionate review of the record to assure that the defendant's rights were safeguarded. To assume from the mere fact of continuous representation a knowledge of the record trammels on that policy. It ignores not only the reality that a vast amount of time often separates hearings but also that defense attorneys often represent numerous defendants with cases far too complex

to commit to memory."). Because defendant has not received a full and fair hearing on his postplea motion, we are compelled to again remand the matter to the trial court for new postplea proceedings in compliance with Rule 604(d).

¶ 18     Lastly, defendant argues that his sentence was excessive. As we remand for new postplea proceedings, we do not reach this issue.

¶ 19                                            CONCLUSION

¶ 20     The judgment of the circuit court of Will County is vacated and remanded with instructions.

¶ 21     Vacated and remanded with instructions.