# Illinois Official Reports

## Appellate Court

---

### *People v. Calleros*, 2018 IL App (2d) 151256

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. EDUARDO CALLEROS, Defendant-Appellant. |
| District & No. | Second District<br>Docket No. 2-15-1256 |
| Filed | June 21, 2018 |
| Decision Under Review | Appeal from the Circuit Court of Kane County, No. 14-CF-2026; the Hon. James C. Hallock, Judge, presiding. |
| Judgment | Vacated and remanded. |
| Counsel on Appeal | James E. Chadd, Thomas A. Lilien, and Ann Fick, of State Appellate Defender's Office, of Elgin, for appellant.<br><br>Joseph H. McMahon, State's Attorney, of St. Charles (Patrick Delfino, David J. Robinson, and Richard S. London, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE JORGENSEN delivered the judgment of the court, with opinion.<br>Justices Hutchinson and Birkett concurred in the judgment and opinion. |

**OPINION**

¶ 1    On September 24, 2015, defendant, Eduardo Calleros, pleaded guilty to possession of a controlled substance (720 ILCS 570/402(c) (West 2014)). Pursuant to an agreement with the State, he was sentenced to a two-year prison term in exchange for his plea. He later moved to withdraw his plea. The trial court denied the motion on December 22, 2015, and defendant filed his notice of appeal on the same day. On appeal, defendant argues that his attorney did not properly certify compliance with the Illinois Supreme Court rule that sets forth counsel's duties in connection with post-plea motions. We vacate and remand for further proceedings.

¶ 2    When defendant entered his guilty plea, Illinois Supreme Court Rule 604(d) (eff. Dec. 11, 2014) provided, in pertinent part, that, when a defendant moves to withdraw a guilty plea or to reconsider a sentence entered on a guilty plea, "[t]he defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by mail or in person to ascertain defendant's contentions of error in the sentence *or* the entry of the plea of guilty, has examined the trial court file and report of proceedings of the plea of guilty, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." (Emphasis added.) Defendant moved to withdraw his plea on October 21, 2015. On November 4, 2015, defendant's attorney filed a Rule 604(d) certificate stating, in pertinent part:

> "1. *** I have personally consulted with [defendant] *** to ascertain his contentions of error in the sentence *or* the entry of the plea of guilty;
> ***
>
> 3. *** I have obtained transcriptions of the court proceedings on September, 2015 and reviewed with the Defendant." (Emphasis added.)

¶ 3    On December 3, 2015, Rule 604(d) was amended to provide, in pertinent part, that "the defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant *** to ascertain defendant's contentions of error in the sentence *and* the entry of the plea of guilty." (Emphasis added.) Ill. S. Ct. R. 604(d) (eff. Dec. 3, 2015). Defendant argues that, if the amendment did not apply, the certificate was deficient because it did not state that counsel examined the report of proceedings of the plea of guilty. On the other hand, defendant argues, if the amendment *did* apply, counsel's certificate was deficient because it stated that counsel consulted with him to ascertain his contentions of error "in the sentence *or* the entry of the plea of guilty." (Emphasis added.) It is well established that the attorney's certificate must strictly comply with the requirements of Rule 604(d). See *People v. Janes*, 158 Ill. 2d 27, 35 (1994). If the certificate does not satisfy this standard, a reviewing court must remand the case to the trial court for proceedings that strictly comply with Rule 604(d), including "a new hearing on the motion." *Id.* at 33.

¶ 4    The first step in deciding this appeal is to determine whether the December 3, 2015, amendment to Rule 604(d) governed the contents of counsel's certificate. The retroactivity analysis that applies to statutes also applies to Illinois Supreme Court rules. *People v. Easton*, 2017 IL App (2d) 141180, ¶ 14, *appeal allowed*, No. 122187 (Jan. 18, 2018). The temporal reach of a statute is governed, in part, by section 4 of the Statute on Statutes (5 ILCS 70/4 (West 2016)), which provides, in pertinent part, that

"[n]o new law shall be construed to repeal a former law, whether such former law is expressly repealed or not, as to any offense committed against the former law, or as to any act done, any penalty, forfeiture or punishment incurred, or any right accrued, or claim arising under the former law, or in any way whatever to affect any such offense or act so committed or done, or any penalty, forfeiture or punishment so incurred, or any right accrued, or claim arising before the new law takes effect, *save only that the proceedings thereafter shall conform, so far as practicable, to the laws in force at the time of such proceeding.*" (Emphasis added.)

In addition, our supreme court has adopted the retroactivity analysis set forth in *Landgraf v. USI Film Products*, 511 U.S. 244 (1994). See *Commonwealth Edison Co. v. Will County Collector*, 196 Ill. 2d 27, 36 (2001).

¶ 5        In *People ex rel. Alvarez v. Howard*, 2016 IL 120729, ¶ 19, our supreme court described *Landgraf*'s two-part approach for determining the retroactivity of a statute. The *Howard* court also explained the relationship between *Landgraf* and section 4 of the Statute on Statutes:

"Under [*Landgraf*'s] two-part approach, the first question is whether the legislature has clearly indicated the temporal reach of the amended statute. [Citation.] If so, then that expression of legislative intent must be given effect, absent a constitutional prohibition. [Citation.] If not, then the court proceeds to step two and determines whether the statute would have a retroactive impact. A statute has a retroactive impact if it ' "would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed." ' [Citation.] If there is no retroactive impact, the statutory amendment may be applied retroactively; if there is a retroactive impact, the court presumes that the legislature intended the amendment to be prospective only. [Citation.]

    *** [B]ecause of the existence of section 4 of the Statute on Statutes [citation], application of the *Landgraf* test in Illinois would 'prove uneventful.' [Citation.] Section 4 is a general savings clause, which this court has interpreted as meaning that procedural changes to statutes will be applied retroactively, while substantive changes are prospective only. [Citation.] Thus *** an Illinois court will never need to go beyond step one of the *Landgraf* test because the legislature has clearly set forth the temporal reach of every amended statute. [Citation.] If the temporal reach of the amendment is not set forth in the statutory amendment itself, then it is provided by default in section 4. [Citation.]" *Id.* ¶¶ 19, 20.

¶ 6        The supreme court has not specified the temporal reach of the amendment to Rule 604(d). Accordingly, the retroactivity question hinges on whether the amendment was procedural or substantive. The answer to that question is clear. "Generally, a procedural change in the law prescribes a method of enforcing rights or involves pleadings, evidence and practice." *Schweickert v. AG Services of America, Inc.*, 355 Ill. App. 3d 439, 442 (2005). The amendment to Rule 604(d) fits that description. See *Easton*, 2017 IL App (2d) 141180, ¶¶ 14-17.

¶ 7        Before proceeding, we note that the State and defendant are both under the misimpression that the pertinent amendment to Rule 604(d) took effect while this appeal was pending. Although counsel's certificate was filed before Rule 604(d) was amended, the trial court ruled on the motion, and defendant filed his notice of appeal, *after* the rule was amended.

The mistake is reflected in the State's misplaced reliance on *People v. Hunter*, 2017 IL 121306, in which our supreme court considered the retroactivity of a statutory amendment enacted while an appeal was pending.

¶ 8    The *Hunter* court explained that section 4 of the Statute on Statutes "contemplates the existence of proceedings after the new or amended statute is effective to which the new procedure could apply." *Id.* ¶ 31. According to the *Hunter* court, "Because [the defendant's] *trial court proceedings* have been concluded, and no further trial court proceedings are necessitated by reversible error, applying the amended statute retroactively to [the defendant's] case would result in this court effectively creating new proceedings for the sole purpose of applying a procedural statute that postdates his trial and sentence." (Emphasis added.) *Id.* ¶ 33. *Hunter* is clearly distinguishable. Rule 604(d) was amended *before* the trial court proceedings in this case had concluded. Section 4 of the Statute on Statutes mandated that the trial court proceedings taking place after Rule 604(d) was amended "conform, so far as practicable, to the laws in force at the time of such proceeding." 5 ILCS 70/4 (West 2016). Defense counsel's certificate did not conform to the law in force—the amendment to Rule 604(d)—at the time of the proceedings on defendant's motion to withdraw his plea.

¶ 9    This case bears a closer resemblance to *People v. Gonzalez*, 2017 IL App (3d) 160183, than to *Hunter*. In *Gonzalez*, the Rule 604(d) motion and certificate were both filed on September 23, 2015. The motion was heard and decided on April 8, 2016.[1] Noting that "[i]t is well-settled that statutory amendments may be applied retroactively where they are procedural in nature and do not impair a vested right," the *Gonzalez* court concluded that the amended rule applied retroactively to the Rule 604(d) certificate that had been filed on the same day as the Rule 604(d) motion. *Id.* ¶ 10.

¶ 10   For reasons that are not altogether clear, the State asserts that, in prior cases, it had speculated that if counsel's certificate complied with the amended Rule 604(d), the defendant would have argued that the old rule applied, but if counsel complied with the old rule, the defendant would have argued that the new rule applied. The State thus appears to argue that we should ignore defendant's argument, because, had the facts been different, defendant *hypothetically* would have made the opposite argument. Suffice it to say that it is absurd to suggest that we should bar defendant's argument because he might have made a different argument under different circumstances.

¶ 11   For the foregoing reasons, we conclude that counsel's certificate should have conformed to Rule 604(d) *as amended*. The amended rule required counsel to certify that she "consulted with the defendant *** to ascertain defendant's contentions of error in the sentence *and* the entry of the plea of guilty." (Emphasis added.) Ill. S. Ct. R. 604(d) (eff. Dec. 3. 2015). Counsel's certificate used the word "or" in place of "and," leaving doubt as to the scope of the consultation. Accordingly, we vacate the denial of defendant's motion to withdraw his plea and we remand the cause to the circuit court of Kane County for "(1) the filing of a [valid] Rule 604(d) certificate; (2) the opportunity to file a new motion to withdraw the guilty plea and/or reconsider the sentence, if counsel concludes that a new motion is necessary; and

---

[1]The opinion in *Gonzalez* states that the motion was heard on April 8, 2015. *Gonzalez*, 2017 IL App (3d) 160183, ¶ 5. Because the hearing could not have taken place before the motion was filed, that date is obviously incorrect.

(3) a new motion hearing." *People v. Lindsay*, 239 Ill. 2d 522, 531 (2011).

¶ 12        Vacated and remanded.