**NOTICE**
This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (4th) 190355-U

NO. 4-19-0355

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

**FILED**
October 6, 2020
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Ford County |
| EVIGAN MARCOS, | ) | No. 14CF5 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Paul G. Lawrence, |
| | ) | Judge Presiding. |

JUSTICE HARRIS delivered the judgment of the court.
Presiding Justice Steigmann and Justice Holder White concurred in the judgment..

**ORDER**

¶ 1    *Held*:  The trial court's order denying defendant's motion to withdraw guilty plea is vacated and the cause is remanded with directions for defense counsel to strictly comply with Illinois Supreme Court Rule 604(d) (eff. July 1, 2017).

¶ 2         In 2014, defendant, Evigan Marcos, pled guilty to armed robbery (720 ILCS 5/18-2(a) (West 2012)) and kidnapping (*id.* § 10-1(a)). He was sentenced to 26 years' imprisonment. Defendant moved the trial court to reconsider his sentence and allow him to withdraw his guilty plea. The court denied both of defendant's motions. Defendant appealed the denial, arguing the certificate filed by defense counsel pursuant to Illinois Supreme Court Rule 604(d) (eff. July 1, 2017) was deficient. We agreed and remanded the case for the filing of a corrected certificate and further proceedings. *People v. Marcos*, No. 4-15-0606 (2018)

(unpublished summary order under Illinois Supreme Court Rule 23(c)).

¶ 3        On remand, postplea counsel filed a new motion to withdraw defendant's guilty plea, which the trial court denied. Defendant appeals, arguing he is entitled to a remand because defense counsel again failed to comply with Rule 604(d) and provided ineffective assistance of counsel by failing to file a motion to reconsider defendant's sentence. We vacate and remand.

¶ 4                                    I. BACKGROUND

¶ 5        In January and February of 2014, the State charged defendant with two counts of armed robbery (720 ILCS 5/18-2(a)(1), (2) (West 2012)), two counts of kidnapping (*id.* § 10-1(a)(1), (2)), and one count of aggravated battery (*id.* § 12-3.05(f)(1)). In October of 2014, defendant entered an open guilty plea to one count of armed robbery and one count of kidnapping, and the State dismissed the remaining charges. The trial court subsequently sentenced defendant to 26 years' imprisonment.

¶ 6        Defendant subsequently filed a motion to reconsider sentence. In his motion, defendant alleged his sentence was excessive in light of his "past history of criminality, mental history, family situation, economic status, education, [and] occupational or personal habits." At the same time, defense counsel filed a certificate pursuant to Illinois Supreme Court Rule 604(d) (eff. July 1, 2017), stating he "consulted with [defendant] in person to ascertain his contentions of error in the imposition of the sentence," "examined the trial court file and report of proceedings of the guilty plea and sentencing," and "made such amendments to the motion as [were] necessary for an adequate presentation of any defects in those proceedings."

¶ 7        Before a hearing was held on defendant's motion to reconsider sentence, defendant *pro se* filed a motion to withdraw his guilty plea and vacate sentence. In his motion, defendant claimed he "had inadequate representation of counsel." Among the allegations contained in

defendant's motion was that the state's attorney who prosecuted his case and his defense counsel had told him he would receive a lower sentence of imprisonment if he pled guilty.

¶ 8        In April of 2015, the trial court conducted a hearing on defendant's motion to reconsider sentence and his *pro se* motion to withdraw his guilty plea and vacate sentence. The court began the proceeding by reviewing defendant's allegations of ineffective assistance of counsel and ultimately appointed new counsel to represent defendant on those allegations. The court then inquired whether a transcript of the guilty plea hearing and the sentencing hearing had been prepared. Despite the certificate he had filed, defendant's counsel responded he "d[id]n't think so." The court continued the hearing, finding that, pursuant to Rule 604(d), it was unable to proceed on defendant's motion to reconsider sentence until the transcripts had been reviewed.

¶ 9        In July of 2015, the trial court conducted a second hearing on defendant's motions. Prior to the proceeding, defendant's new counsel filed a Rule 604(d) certificate stating she had "[c]onsulted with [defendant] in person or by mail to ascertain [his] contentions of error in the entry of the plea," "[e]xamined the court file and transcript of the plea," "made any amendments to the motion necessary to adequately present any defects in the plea proceedings," and "[c]onsulted with [d]efendant regarding any contentions of error in the sentence." During the hearing, defendant testified on his own behalf and defendant's former counsel testified on behalf of the State. At the end of the hearing, the court denied both of defendant's motions.

¶ 10        Defendant appealed the trial court's denial, arguing the Rule 604(d) certificate his second counsel filed did not comply with the rule. We agreed, finding the certificate "only made reference to '[e]xamin[ing] the court file and transcript of the plea' " and failed to "state that defense counsel examined the report of proceedings of the sentencing hearing." *People v. Marcos*, No. 4-15-0606 (2018) (unpublished summary order under Illinois Supreme Court Rule 23(c)). We

ultimately vacated the trial court's judgment regarding Rule 604(d) compliance and remanded for the filing of a corrected certificate, the opportunity to file a new postplea motion, and a new hearing on defendant's postplea motions. *Id.*

¶ 11 On remand, defendant was appointed new counsel. This counsel filed a "Third Motion to Withdraw Guilty Plea." In the motion, defendant alleged:

"In counsel's preparation of the certificate of compliance counsel learned via correspondence dated September 26, 2018[,] of the following additional basis for the defendant's this [*sic*] motion to withdraw his guilty plea:

(a)     [The] [s]tate's attorney *** made promises that were not fulfilled in regards to the length of the sentence;

(b)     [Defendant's plea counsel] told defendant that if he ple[d] to one count of armed robbery and one count of kidnap[p]ing he would receive a sentence in the six to ten years range;

(c)     [Defendant's counsel] failed to raise the mitigating factor that the victim was released physically unharmed and was kidnapped due to a drug debt that the victim had incurred; [and]

(d)     That the victim's mother was the treasurer of Ford County and therefore [plea counsel] failed to request a change of venue based upon that fact alone."

The motion requested the court "order the State to respond and hold an evidentiary hearing on this matter then order a new sentencing hearing." Included in defendant's motion was a Rule 604(d) certificate in which defense counsel stated:

"1) I have reviewed the transcripts of defendant's guilty plea and sentencing hearing;

- 4 -

2) I have reviewed the court file on several occasions;

3) I have corresponded with [defendant] on at least three occasions and am in regular contact with h[i]s nuclear family;

4) I have made amendments to the third motion to withdraw guilty plea in accordance with my experience and the above-stated information."

¶ 12        On May 22, 2019, the trial court held a hearing on defendant's Third Motion to Withdraw Guilty Plea. Defendant testified on his own behalf. According to defendant, he had reviewed the motion to withdraw guilty plea before it was filed and it "[was] the kind of motion that should have been filed the very first time[.]" Defendant testified he should be allowed to withdraw his guilty plea because his plea counsel had told him "[he] would get *** six years [or] *** in the range of the minimum" and had told him the state's attorney agreed to a sentence "in the six-range minimum." Defendant further testified "the mitigating factor[ ] that the victim *** was released unharmed" was never "raised at any time in either [his] sentencing hearing or during [his] guilty plea" and that his plea counsel refused to request a change of venue when defendant learned the victim's mother was the treasurer of Ford County. Defendant answered affirmatively when defense counsel asked whether he was "simply requesting from this judge *** that [his] sentence be reduced to the range *** [he] thought [he was] going to receive." Later in the proceeding, defense counsel gave a brief argument in which he stated defendant "should have been sentenced to the [number of] years *** that [he] was promised."

¶ 13        The trial court ultimately denied defendant's motion to withdraw guilty plea. Regarding defendant's allegation that plea counsel failed to argue a certain mitigating factor at sentencing, the court stated, "this is really more of a sentencing issue and there hasn't been a motion to reconsider the sentence filed[.]" However, the court nonetheless decided to "entertain

the issue" and found the allegation without merit. The court specifically noted defendant's victim had been harmed before defendant released him and the court "would [not] have changed [defendant's] sentence" if plea counsel had argued that defendant kidnapped and robbed the victim because the victim owed defendant money.

¶ 14    This appeal followed.

¶ 15                                II. ANALYSIS

¶ 16    On appeal, defendant argues he is entitled to a remand because defense counsel failed to strictly comply with Rule 604(d) and provided ineffective assistance of counsel by failing to file a motion to reconsider defendant's sentence. The State concedes the certificate filed by defense counsel did not comply with Rule 604(d) but argues, pursuant to *People v. Shirley*, 181 Ill. 2d 359, 692 N.E.2d 1189 (1998), defendant is not entitled to a remand because he "received a full and fair hearing." For the following reasons, we agree with defendant that another remand is necessary.

¶ 17    Illinois Supreme Court Rule 604(d) (eff. July 1, 2017) provides, in pertinent part:

"No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant *** files in the trial court a motion to reconsider the sentence, if only the sentence is being challenged, or, if the plea is being challenged, a motion to withdraw the plea of guilty and vacate the judgment.

***

The motion shall be in writing and shall state the grounds therefor. ***

*** The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by phone, mail, electronic means or in person to ascertain defendant's contentions of error in the

- 6 -

sentence and the entry of the plea of guilty, has examined the trial court file and both the report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings.

The motion shall be heard promptly, and if allowed, the trial court shall modify the sentence or vacate the judgment and permit the defendant to withdraw the plea of guilty and plead anew. If the motion is denied, a notice of appeal from the judgment and sentence shall be filed ***. Upon appeal any issue not raised by the defendant in the motion to reconsider the sentence or withdraw the plea of guilty and vacate the judgment shall be deemed waived."

¶ 18        Rule 604(d) "is designed both to protect defendant's due process rights and to eliminate unnecessary appeals[.]" *Shirley*, 181 Ill. 2d at 362. To ensure the rule serves its purpose, reviewing courts "require[ ] strict compliance with its requirements, including the filing of the attorney certificate in the trial court." *Id.* "The remedy for counsel's failure to strictly comply with those requirements is remand to the trial court for such compliance." *People v. Evans*, 2017 IL App (3d) 160019, ¶ 20, 72 N.E.3d 421. Whether defense counsel complied with Rule 604(d) is reviewed *de novo*. *People v. Grice*, 371 Ill. App. 3d 813, 815, 867 N.E.2d 1143, 1145 (2007).

¶ 19        Here, defense counsel's certificate did not comply with Rule 604(d). Although defense counsel certified he "corresponded with [ ] defendant[,]" he did not certify he "ascertain[ed] defendant's contentions of error in the sentence and the entry of the plea of guilty[.]" See Ill. S. Ct. R. 604(d) (eff. July 1, 2017). Further, although defense counsel certified he "made amendments to the third motion to withdraw guilty plea in accordance with [his] experience and the above-stated information[,]" he did not certify he "made any amendments to the motion

necessary for adequate presentation of any defects in th[e] proceedings." See *id.*

¶ 20    As noted above, the State agrees the certificate filed by defense counsel did not comply with Rule 604(d) but, citing *Shirley*, argues remand is not required because "defendant received a full and fair hearing." We find the State's reliance on *Shirley* to be misplaced.

¶ 21    In *Shirley*, following his plea of guilty, the defendant filed a timely motion to reduce his sentence, arguing he "fe[lt] his sentence [was] excessive." *Shirley*, 181 Ill. 2d at 363-64. The defendant's counsel did not file a Rule 604(d) certificate, and the trial court denied the defendant's motion. *Id.* at 364. The defendant appealed and the appellate court remanded for a new hearing on the motion to reduce sentence because defense counsel had failed to file a Rule 604(d) certificate. *Id.* On remand, the defendant's counsel filed a compliant Rule 604(d) certificate and a motion to withdraw as counsel. *Id.* at 364-65. The trial court granted defense counsel's motion and appointed new counsel who filed an amended motion to reduce defendant's sentence which included "virtually the same language" as the defendant's original motion. *Id.* at 365. The defendant's new counsel did not file a Rule 604(d) certificate. *Id.* At the hearing on the defendant's motion, defense counsel indicated she agreed with the arguments and statements made by the defendant's original counsel at the sentencing hearing and at the hearing on the initial motion to reduce the defendant's sentence. *Id.* at 365-66. The trial court again denied the defendant's motion. *Id.* at 366. Four days after the hearing, defense counsel filed a compliant Rule 604(d) certificate. *Id.*

¶ 22    On appeal, the defendant argued a second remand was required because, by failing to file a Rule 604(d) certificate prior to the hearing on the amended motion, defense counsel had failed to strictly comply with Rule 604(d). *Id.* Our supreme court rejected the defendant's claim, finding there was "limited value" in remanding for a third hearing because the defendant had already been "afforded a full and fair second opportunity to present [his] motion for reduced

- 8 -

sentencing[.]" *Id.* at 369. The court noted the defendant had raised the same issues at both hearings to reduce his sentence and the court found "nothing in the record, or in the two motions to reduce sentences, or in the two Rule 604(d) certificates filed by two different attorneys, which indicate[d] any reason why [the] court should remand the cause for a third hearing on defendant's claim that his sentence[ ] [was] excessive." *Id.* at 370. Rather, the court found a remand would be "an empty and wasteful formality." *Id.*

¶ 23        Despite its holding, the *Shirley* court emphasized its decision "in no way retreat[ed] from [the requirement of] strict compliance with [Rule 604(d)]." *Id.* Accordingly, the case "does not stand for the blanket proposition that a matter may only be remanded one time for compliance with Rule 604(d)." *Evans*, 2017 IL App (3d) 160019, ¶ 24. Rather, "*Shirley* stands for the proposition that where a defendant receives a full and fair hearing, technical noncompliance with Rule 604(d) need not give rise to multiple remands." *Id.* As noted in *Evans*, "in *Shirley*, multiple substantively compliant certificates were filed, but the timing of the certificates rendered them technically noncompliant. Thus, it is the *substantive* compliance with the Rule 604(d) certification requirements that ensures a full and fair postplea hearing." (Emphasis in original.) *Id.* (citing *People v. Love*, 385 Ill. App. 3d 736, 739, 896 N.E.2d 1062, 1066 (2008)).

¶ 24        Unlike in *Shirley*, in the present case the certificate filed by defense counsel did not comply with the substantive requirements of Rule 604(d). Defense counsel did not certify he "ascertain[ed] defendant's contentions of error in the sentence and the entry of the plea of guilty" or that he "made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." See Ill. S. Ct. R. 604(d) (eff. July 1, 2017). We recognize that, to comply with Rule 604(d), defense counsel was not required to file a certificate that "recite[d] word for word the verbiage of the rule[.]" *People v. Dismuke*, 355 Ill. App. 3d 606, 609, 823 N.E.2d 1131,

1133 (2005). However, the certificate "must give some indication that counsel performed the duties required under Rule 604(d)." *Id.* Here, defense counsel's assertion that he "corresponded" with defendant and amended the motion to withdraw guilty plea based on his "experience" and "the above-stated information" does not establish he performed all of the duties required of him under Rule 604(d), nor may we assume that he did. See *People v. Prather*, 379 Ill. App. 3d 763, 768, 887 N.E.2d 44, 47 (2008) ("[T]his court cannot simply assume or infer compliance with Rule 604(d) because the strict waiver requirements of Rule 604(d) demand that any issue not raised in the motion to reconsider the sentence or the motion to withdraw the plea of guilty is forfeited."); see also *Love*, 385 Ill. App. 3d at 739 ("[W]here compliance with the substantive requirements of Rule 604(d) is doubtful, so is the fairness of the proceedings."). Accordingly, because the certificate filed by defense counsel did not comply with the substantive requirements of Rule 604(d), defendant was not provided a full and fair postplea hearing.

¶ 25        Even assuming, *arguendo*, that defense counsel's certificate complied with Rule 604(d), some of the assertions made in the certificate do not appear to be consistent with the record. See *People v. Neal*, 403 Ill. App. 3d 757, 760, 936 N.E.2d 726, 728 (2010) (In reviewing compliance with Rule 604(d), "we may consider the record where it undermines the certificate filed."). As an initial matter, it does not appear that defense counsel amended defendant's motion as required to present the alleged defects in the sentencing hearing and in the entry of defendant's guilty plea. It is unclear from the motion to withdraw guilty plea whether defendant sought to withdraw his plea or, instead, to challenge the trial court's sentence. The motion is titled "Third Motion to Withdraw Guilty Plea," and it contains allegations attacking the voluntariness of defendant's guilty plea. However, it also contains allegations that plea counsel failed to argue a mitigating factor at the sentencing hearing and, in the prayer for relief, does not ask the court to

allow defendant to withdraw his guilty plea but only to "order the State to respond[,] *** hold an evidentiary hearing on this matter then order a new sentencing hearing." Defense counsel failed to clarify the matter; during the hearing on defendant's motion, defense counsel appeared to make a benefit of the bargain argument when he stated defendant "should have been sentenced to the [number of] years *** that [he] was promised."

¶ 26    Additionally, it is not clear from the record whether defense counsel ascertained defendant's contentions of error in the imposition of the sentence. In the Third Motion to Withdraw Guilty Plea, defendant did not raise any of the sentencing errors included in his initial motion to reconsider sentence. Notably, defendant's initial motion to reconsider sentence was filed by counsel who certified he "consulted with [defendant] *** to ascertain his contentions of error in the imposition of the sentence" and was argued by counsel who certified she "[c]onsulted with [d]efendant regarding any contentions of error in the sentence." Absent a similar certification from defense counsel, we are unable to determine whether defendant still wished to pursue the allegations raised in his initial motion to reconsider sentence. We are unwilling to assume defendant decided to abandon his original claims of error in the sentencing hearing considering by failing to re-allege those claims, defendant has forfeited review of those allegations. See Ill. S. Ct. R. 604(d) (eff. July 1, 2017); see also *Prather*, 379 Ill. App. 3d at 768.

¶ 27    In light of the foregoing, we vacate the trial court's May 22, 2019, order denying defendant's postplea motion, and we remand for "(1) the filing of a [valid] Rule 604(d) certificate; (2) the opportunity to file a new motion to withdraw the guilty plea and/or reconsider the sentence, if counsel concludes that a new motion is necessary; and (3) a new motion hearing." *People v. Lindsay*, 239 Ill. 2d 522, 531, 942 N.E.2d 1268, 1274 (2011). Because we remand for further proceedings, we need not address defendant's second claim on appeal, that defense counsel

provided ineffective assistance.

¶ 28                                III. CONCLUSION

¶ 29         For the reasons stated, we vacate the trial court's judgment and remand for further

proceedings.

¶ 30         Vacated and cause remanded with directions.