(No. 82485.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. STEVEN M. SHIRLEY, Appellant.

*Opinion filed February 20, 1998.—Rehearing denied March 30, 1998.*

HARRISON, J., joined by HEIPLE, J., specially concurring.

Daniel M. Kirwan, Deputy Defender, and Dan W. Evers, Assistant Defender, of the Office of the State Appellate Defender, of Mt. Vernon, for appellant.

James E. Ryan, Attorney General, of Springfield, and Robert Haida, State's Attorney, of Belleville (Barbara A. Preiner, Solicitor General, and William L. Browers and Lisa Anne Hoffman, Assistant Attorneys General, of Chicago, of counsel), for the People.

JUSTICE McMORROW delivered the opinion of the court:

This appeal involves the application of the requirements of Supreme Court Rule 604(d) (145 Ill. 2d R. 604(d)) when a defendant who has pleaded guilty subsequently appeals his conviction or sentence. Defendant requests us to determine whether the appellate court in the case at bar departed from this court's prior ruling requiring strict compliance with that portion of Rule 604(d) which pertains to furnishing the attorney certificate. See *People v. Janes*, 158 Ill. 2d 27 (1994) (*Janes I*); *People v. Janes*, 168 Ill. 2d 382 (1995) (*Janes II*). The appellate court held that counsel's filing of the

attorney certificate four days after the hearing on defendant's motion to reduce sentences, if error, was harmless.

Rule 604(d) provides in pertinent part that before a defendant who pleaded guilty may appeal from a judgment entered on the plea, the defendant must file a motion to withdraw the guilty plea and vacate the judgment within 30 days of the imposition of sentence. If only the sentence is being challenged, as in the case at bar, the defendant must file a motion to reconsider the sentence in the circuit court within 30 days of the date on which the sentence is imposed. The rule further provides that the "defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by mail or in person to ascertain his contentions of error in the sentence or the entry of the plea of guilty, has examined the trial court file and report of proceedings *** and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings ***." 145 Ill. 2d R. 604(d).

Compliance with the motion requirement of Rule 604 permits the trial judge who accepted the plea and imposed sentence to consider any allegations of impropriety that took place *dehors* the record and correct any error that may have led to the guilty plea. See, *e.g.*, *People v. Wilk*, 124 Ill. 2d 93, 104 (1988); *Janes I*, 158 Ill. 2d at 31. Requiring the defendant's counsel to file the requisite certificate enables the trial court to insure that counsel has reviewed the defendant's claim and considered all relevant bases for the motion to withdraw the guilty plea or to reconsider the sentence. The attorney certificate thereby encourages the preservation of a clear record, both in the trial court and on appeal, of the reasons why a defendant is moving to withdraw his plea or to reduce sentence. See, *e.g.*, *People v. Dean*, 61

Ill. App. 3d 612 (1978). Because Rule 604(d) is designed both to protect defendant's due process rights and to eliminate unnecessary appeals, this court requires strict compliance with its requirements, including the filing of the attorney certificate in the trial court. *Janes I*, 158 Ill. 2d at 35.

## BACKGROUND

In September 1993, Steven M. Shirley pleaded guilty, in the circuit court of St. Clair County, and was convicted of aggravated criminal sexual assault, aggravated battery, and unlawful production of cannabis sativa plants. The factual basis for the plea indicated that approximately two weeks before the aggravated criminal sexual attack and aggravated battery, defendant was arrested and charged with unlawful production of cannabis sativa plants, which police officers discovered at defendant's residence while responding to a neighbor's report of a domestic disturbance between defendant and his wife. While out on bond for the cannabis offense, defendant committed the other two offenses. The record reflects that on April 10, 1993, at approximately 4 a.m., defendant entered the residence where his wife and a male companion were sleeping. At the time of this entry, defendant was subject to a domestic violence order of protection issued on behalf of his wife. Defendant attacked her and her male companion while they were asleep in a bedroom. Defendant stabbed the male victim, inflicting great bodily harm, and then sexually assaulted his wife at knifepoint. Upon hearing a noise outside, defendant fled the scene, but threatened to return and kill the two victims if they called the police.

As part of the subsequent plea negotiations, the State agreed to recommend probation for the cannabis charge and to request sentences on the other two felony charges not to exceed 15 years' imprisonment. After de-

fendant was admonished of his rights and was explained the range of sentencing that he could receive for the offenses charged, the circuit court accepted the guilty plea. During this plea hearing the court inquired whether anyone had coerced defendant's acquiescence to the plea or had made any promises other than the State's agreement not to recommend a sentence in excess of 15 years. Defendant responded in the negative. He stated that his plea of guilt was freely and voluntarily made.

At the sentencing hearing, the court considered evidence in mitigation and aggravation, as well as argument of counsel. The court imposed a 12-year sentence of imprisonment on the aggravated criminal sexual assault conviction, a Class X felony, and a two-year sentence for aggravated battery, a Class 3 felony, both sentences to be served concurrently. On the cannabis charge, also a Class 3 felony, the court ordered defendant to serve a two-year conditional discharge sentence, consecutive to the prison terms. The court then explained to defendant the procedure to be followed if he wished to appeal from the judgment. The court advised defendant that if he wished to appeal from the sentence, he would first have to file a written motion to withdraw the guilty plea. The court also stated that defendant had 30 days to "file a motion to reduce the sentence as excessive."[1]

On December 3, 1993, within 30 days of the sentencing, defendant's trial counsel filed a "Motion to Reduce/

---

[1]We note that the 1993 amendment to section 5—8—1(c) of the Unified Code of Corrections (730 ILCS 5/5—8—1(c) (West 1994)) requires that a defendant file a written post-sentencing motion in the trial court to preserve sentencing issues for appellate review. See *People v. Reed*, 177 Ill. 2d 389 (1997). Similarly, Supreme Court Rule 604(d), which applies to sentences imposed upon guilty pleas rather than after contested trials, requires that a motion to reconsider the sentence must be filed in the trial court within 30 days of the date on which the sentence is imposed.

Modify Sentence." The sole ground stated in the motion was "[t]hat the defendant feels his sentence is excessive." Defense counsel did not file a Rule 604(d) certificate at that time. The trial court denied defendant's motion.

Defendant's trial counsel did not file a notice of appeal from the denial of this motion. However, defendant subsequently requested and was granted leave to file a late notice of appeal. A public defender was appointed to represent him during the appeal from the denial of his motion to reduce sentences. In an affidavit attached to the motion for leave to file a late notice of appeal, defendant represented that he had informed his trial counsel he wanted to appeal his sentences and was not aware that his counsel did not file an appeal. He also stated that his sentences were "excessive given [his] background and work history."

The appellate court remanded the cause for a new hearing on the motion to reduce sentences. No. 5—94—0175 (unpublished order under Supreme Court Rule 23). The remand was ordered because defendant's trial counsel, prior to the hearing on the motion, had failed to file in the trial court the attorney certificate required by Supreme Court Rule 604(d). Citing to this court's decision in *Janes I*, 158 Ill. 2d 27, the appellate panel held that motions to reduce sentences imposed upon guilty pleas must be filed with the certificate of the defendant's attorney in the circuit court as a prerequisite for appeal. The certificate must indicate that the attorney has consulted with the client, reviewed the proceedings of the plea of guilty, and included in the motion whatever matters are necessary to adequately present any defects in the plea process or sentencing.

The record indicates that after the remand to the circuit court, defendant's trial counsel filed an attorney certificate pursuant to Supreme Court Rule 604(d) and

also filed a motion to withdraw as counsel. The attorney certificate, file dated June 27, 1995, stated that prior to his filing the motion to reconsider sentences, trial counsel had "consulted with the defendant to ascertain his contentions of error in the sentence and examined the trial court file and report of proceedings in the plea of guilty to determine if there were any defects in those proceedings." The certificate does not indicate the date on which trial counsel consulted with defendant to ascertain his claim of error in sentencing. Although the original motion for reduction of sentences was filed in December 1993, the remand for new hearing on the motion occurred in 1995. Trial counsel filed the June 27, 1995, attorney certificate as a separate document, not attached to a motion to reduce sentence.[2]

The circuit court granted trial counsel's motion to withdraw as defendant's attorney, and appointed the public defender's office to represent defendant during the new hearing on defendant's motion to reduce sentences. The assistant public defender assigned to the case filed her own motion on behalf of defendant. This motion, dated July 11, 1995, repeated virtually the same language as was found in the motion to reduce sentences which previous counsel had filed in 1993. Like the original motion, the assistant public defender's motion stated that "defendant feels his sentence is excessive." However, the assistant public defender failed to attach the requisite 604(d) certification to her motion.

At the hearing on defendant's motion, the assistant public defender told the court that she agreed with the

---

[2]We note that neither defendant nor the State refers to this Rule 604(d) certificate in their briefs. Also, the appellate panel did not mention the existence of this Rule 604(d) certificate, and apparently assumed that the only attorney certificate that had been filed in the trial court was the one that the assistant public defender filed four days after the remand hearing on the motion to reduce sentences.

statements which prior trial counsel had made during the sentencing and at the original motion to reconsider or reduce sentences. The assistant public defender added that defendant had worked regularly in the prison as the chief cook. The circuit court denied defendant's motion to reduce sentences. Four days later, the assistant public defender filed in the circuit court her Rule 604(d) attorney certificate and a notice of appeal. Her certificate stated that she had "consulted with the defendant to ascertain his contentions of error in this cause; that [she had] examined the trial court file and report of proceedings of the plea of guilty and sentencing hearing, and that defendant offer[ed] no amendments to the Motion to Reconsider/Reduce Sentence."

In his appeal from the denial of his second motion to reduce sentences, defendant argued that the assistant public defender's attempt to comply with Rule 604(d) was untimely, as it was not filed *before* the hearing on the motion to reduce sentences. Therefore, defendant contended, strict compliance with Supreme Court Rule 604(d) was lacking and a second remand was required. The appellate court rejected defendant's arguments. Although the appellate panel acknowledged that Rule 604(d) clearly "contemplates that the certificate be filed prior to the hearing on a postplea motion," the panel nonetheless rejected defendant's argument that the tardy filing of the certificate required another remand for further proceedings. 284 Ill. App. 3d 734, 737. The appellate panel held that the contents of the assistant public defender's certificate strictly complied with the requirements of Rule 604(d). The panel further concluded that if error existed with respect to the timing of the certificate's filing in the trial court, such error was harmless. 284 Ill. App. 3d at 737.

Defendant sought leave to appeal in this court, and we granted his petition. 166 Ill. 2d R. 315. For the

reasons which follow, we affirm the judgment of the appellate court.

## ANALYSIS

The sole ground for defendant's appeal is the failure of the assistant public defender to file her attorney certificate prior to the remand hearing on the Rule 604(d) motion to reduce defendant's sentences. According to defendant, he is entitled to a second remand of this cause to the trial court for what will be a third hearing on his sentencing motion. In support, defendant cites decisions from this court which hold that strict compliance with Rule 604(d)'s attorney certificate requirement is mandatory, and that the rule requires the certificate to be filed before the hearing on the motion to withdraw guilty plea or to reconsider sentences. See *Janes I*, 158 Ill. 2d at 35; *Janes II*, 168 Ill. 2d at 389. Defendant contends that the appellate court in the case at bar applied a lesser standard of substantial compliance or harmless error, which contravenes this court's rulings in the *Janes* cases.

In *Janes I*, we held that a defendant who wishes to appeal from a judgment entered upon his plea of guilty must file, as a condition precedent to such appeal, a motion to withdraw his guilty plea pursuant to Rule 604(d). In addition, we held that the rule plainly requires defense counsel to file a certificate that he or she has reviewed the proceedings, consulted with the defendant, and made any amendments to the motion necessary for adequate presentation of any defects in the plea proceedings. Instead of complying with Rule 604(d), and filing the required certificate in the trial court, the defendant's counsel in *Janes I* furnished a certificate to the State during the direct appeal. Defendant in *Janes I* argued in this court that the cause should be remanded to the circuit court to afford him the opportunity to file a new motion to withdraw his guilty plea because of his

counsel's failure to comply with Rule 604(d). We agreed, concluding that, in the absence of strict compliance with Rule 604(d), the appropriate remedy was to remand the cause to the circuit court to permit the defendant to file a new motion to withdraw his plea.

Our ruling in *Janes I* reflected an express reaffirmance of statements from prior opinions in which this court held that the filing of a motion to withdraw a guilty plea is a condition precedent to an appeal from a conviction (*e.g.*, *Wilk*, 124 Ill. 2d at 107), and that a motion to reconsider sentence is a condition precedent to an appeal from a sentence imposed upon a guilty plea (*People v. Wallace*, 143 Ill. 2d 59, 60 (1991)). This court has explained that the "rule was designed to eliminate needless trips to the appellate court and to give the trial court an opportunity to consider the alleged errors and to make a record for the appellate court to consider on review in cases where defendant's claim is disallowed." *Wilk*, 124 Ill. 2d at 106. The requirements of Rule 604(d) encourage the preservation of a clear record which includes the reasons why a defendant is moving to withdraw his plea or to reduce sentence. See, *e.g.*, *Dean*, 61 Ill. App. 3d at 615.

As a result of our decision in *Janes I*, the defendant in that case received a new hearing on his motion to withdraw his guilty plea. The trial court denied the motion. On direct appeal to this court, in *Janes II*, the defendant contended that he should be given another new hearing on his motion to withdraw guilty plea because the lawyer who had represented him on remand was the same attorney who had provided the State with a Rule 604(d) certificate during the pendency of the first appeal, which the State used in its argument that defendant was not entitled to a remand. According to the defendant in *Janes II*, his counsel labored under a conflict of interest because his actions in the first appeal aligned

him with the State. We rejected the defendant's claim that he was entitled to another hearing on the motion to withdraw his guilty plea, and affirmed the circuit court's judgment on the guilty plea. *Janes II*, 168 Ill. 2d at 393.

In the instant case, defendant received the full benefit of the *Janes I* ruling because he was granted a remand and a new hearing on his sentencing motion. However, he contends that his remand hearing was as flawed as the original hearing because the attorney representing him on remand failed to file the requisite Rule 604(d) certificate until after the remand hearing. Therefore, according to defendant, the circuit court did not have the benefit of the attorney certificate in evaluating defendant's motion to reduce sentences. Consequently, defendant contends, strict compliance with Rule 604(d) has not been established in the record and he must be granted another remand to permit a further opportunity to file for a reduction in sentences.

We reject defendant's implicit premise that the strict compliance standard of *Janes I* must be applied so mechanically as to require Illinois courts to grant multiple remands and new hearings following the initial remand hearing. Where, as here, the defendant was afforded a full and fair second opportunity to present a motion for reduced sentencing, we see limited value in requiring a repeat of the exercise, absent a good reason to do so. All parties involved in the instant case were or should have been aware, in light of the appellate court's order of remand in reliance on *Janes I*, that the sole reason defendant was being given a second opportunity to argue for a reduced sentence was that the trial court had not been furnished with the requisite attorney certificate pursuant to Rule 604(d) at the time of the first hearing in 1993. Defendant was well aware of the appellate court's order of remand, as indicated in certain letters in the record written by defendant. It was, therefore,

incumbent upon defendant, his counsel, the State, and the circuit court to insure that compliance with the requirements of this court's Rule 604(d) would be met in this second hearing on the motion to reduce sentences.

Before the second hearing took place, on August 3, 1995, defendant's original trial counsel complied with the remand order by filing a Rule 604(d) certificate, at the same time he withdrew as counsel. The assistant public defender then took over defendant's representation. She filed her own motion to reduce or reconsider sentences. Defendant's only challenge was to the "excessiveness" of his sentences, rather than any impropriety in the plea process or sentencing itself. Significantly, defendant did not move to withdraw the guilty plea under which the State capped its sentencing recommendation at 15 years. Absent the plea agreement, the State could have recommended up to 30 years on the Class X offense, as well as increased penalties on the other counts. Indeed, as the trial court observed in warning defendant not to violate the conditions of bond pending sentencing, "[Y]ou qualify on your sentencing date for, by my count, up to 45 years with extended terms and consecutive sentences." The trial court ultimately imposed a prison term of fewer years than the maximum available under the State's agreed-upon sentencing cap. There is nothing in the record, or in the two motions to reduce sentences, or in the two Rule 604(d) certificates filed by two different attorneys, which indicates any reason why this court should remand the cause for a third hearing on defendant's claim that his sentences were excessive. In light of all these circumstances, requiring another remand and hearing on the motion to reduce sentences would be an empty and wasteful formality.

Our holding in no way retreats from this court's call for strict compliance with our rules. We observed, in *Janes I*, that after this court's ruling in *Wilk*, the appel-

late court adhered to the strict compliance mandate and renounced the prior practice of determining whether errors in failing to comply with Rule 604(d) were harmless or prejudicial. See, *e.g.*, *People v. Hayes*, 195 Ill. App. 3d 957, 960-61 (1990). We reaffirm the reasoning and disposition of those cases which have faithfully followed the strict compliance standard. In general, strict compliance with the attorney certification component of Rule 604(d) means the certificate must be filed in the trial court, rather than on appeal, as occurred in *Janes I*. The filing should precede or be simultaneous with the hearing in the trial court. Such a procedure will insure that the trial court, in considering a defendant's motion to withdraw his or her guilty plea or to reduce sentence, will be apprised that defense counsel has reviewed the proceedings with the defendant and prepared any necessary amendments to the motion. If this standard of strict compliance is not met, the remedy is a remand to afford defendant another opportunity to be heard on his Rule 604(d) motion. However, once this remedy is granted, there is no further requirement under Rule 604(d) that successive remands and rehearings will be ordered.

We conclude that defendant is not entitled to any further proceedings on his twice-heard motion to reduce his sentences as being excessive. Because of our holding it is unnecessary to reach the State's argument, raised for the first time in the appeal to this court, that the relief defendant seeks is not available because of this court's recent opinion in *People v. Evans*, 174 Ill. 2d 320 (1996). In *Evans*, we held that when a defendant enters a negotiated guilty plea he cannot attack his sentence unless he moves to withdraw his plea in its entirety. The State contends that *Evans* precludes defendant from maintaining his appeal, and therefore the issue involving the timeliness of the Rule 604(d) certificate is legally irrelevant. Defendant responds that the issue is not

properly before this court. We express no opinion on, and decline to address, the merits of the State's argument on this issue because its resolution is not required for the disposition of this appeal.

For the foregoing reasons, we affirm the judgment of the appellate court.

*Appellate court judgment affirmed.*

JUSTICE HARRISON, specially concurring:

While purporting to retain the strict compliance standard of *Janes I*, the majority holds that the standard need not be applied where, as here, a defendant has already been granted a remand and a new hearing on his resentencing motion. Strict compliance, as it turns out, is not so strict after all.

The merits of the majority's new rule are questionable. Although I appreciate its pragmatic appeal, it creates the possibility that a defendant's motion to withdraw his plea or reconsider his sentence may be denied without a proper attorney certificate having ever been filed. If another mistake is made on remand and the defendant still does not receive the requisite assistance of counsel in preparing and presenting his motion, the majority's new rule would leave the defendant without any recourse. This hardly seems consistent with the principles of *Janes I* or the purposes of Rule 604(d).

Wholly aside from these issues, I am puzzled as to why the majority felt compelled to fashion a new rule based on the facts of this case. As the majority correctly notes, defendant's attorney did file a Rule 604(d) certificate following remand and prior to the new hearing on his resentencing motion. Although a substitution of counsel subsequently took place, that was inconsequential for Rule 604(d) purposes. Nothing in that rule requires that the certificate be filed by the same attorney who drafts the motion and argues it before the circuit court.

Because a proper Rule 604(d) certificate was timely filed on remand, I agree with the majority that defendant is not entitled to another remand and another hearing on his motion to reduce sentence. Accordingly, I concur.

JUSTICE HEIPLE joins in this special concurrence.