**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2021 IL App (3d) 190063

Order filed December 7, 2021

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2021

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 10th Judicial Circuit, Peoria County, Illinois. |
| Plaintiff-Appellee, | ) | |
| | ) | Appeal No. 3-19-0063 |
| v. | ) | Circuit No. 17-CF-493 |
| | ) | |
| NISSAN S. BLAKES, | ) | Honorable |
| | ) | Paul P. Gilfillan, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE LYTTON delivered the judgment of the court.
Presiding Justice McDade and Justice Schmidt concurred in the judgment.

**ORDER**

¶ 1    *Held*: (1) Trial court properly considered the mitigating factors attendant to juvenile defendant's youth in imposing a 25-year sentence.
(2) Defendant's postplea proceeding met the requirements of Supreme Court Rule 604(d) notwithstanding counsel's failure to include arguments in the written postplea motion that she eventually made at the hearing.

¶ 2    Defendant, Nissan S. Blakes, pled guilty to aggravated battery and was sentenced to 25 years in prison for an offense he committed when he was 16 years old. On direct appeal, he argues that the trial court abused its discretion in imposing his sentence by failing to consider the

mitigating factors attendant to his youth, as required by statute, and that his post-plea proceeding failed to comply with Supreme Court Rule 604(d) (eff. July 1, 2017). We affirm.

¶ 3                                    I. BACKGROUND

¶ 4        Defendant was charged with aggravated battery (720 ILCS 5/12-3.05(e)(1) (West 2016)), attempted first degree murder (*id.* § 8-4(a); § 9-1(A)(1)), and unlawful possession of a firearm (*id.* § 24-3.1(a)(2)). The indictment alleged that on June 1, 2017, defendant personally discharged a firearm at LaShawn Jones, causing great bodily harm to Jones, with the intent to kill him. Defendant was 16 years old at the time. Defendant pled guilty to aggravated battery, a Class X felony with a sentencing range of 6-30 years (720 ILCS 5/12-3.05(h) (West 2016); 730 ILCS 5/5-4.5-25(a) (West 2016)), and the State agreed to dismiss all other charges.

¶ 5        At the plea hearing, the factual basis presented by the State established that on June 1, 2017, Detective Dave Smith responded to 1106 McClure on a call of a male shot in the chest. In front of the house near the sidewalk, officers were treating Jones for a gunshot wound to the base of his neck. Jones stated that defendant shot him. He was transported to the hospital where he again identified defendant as the shooter. While investigating the scene, Smith noticed bullet holes in a storm door on the front of the house, as well as holes through the main door. Smith recovered a fingerprint from the handle of the storm door, which was later identified as belonging to defendant.

¶ 6        The factual basis also provided that, if called, Smith would testify that during his interview, defendant initially said he had nothing to do with the shooting but then stated that other individuals made him go to Jones's house with them. Defendant told Smith that when he opened the door, someone fired shots over his shoulder, one of which hit Jones. Smith asked defendant what the motive was for shooting Jones, and defendant indicated that there was a $6,000 bounty on Jones's

head that was "put out by some south end gang members." The defense agreed to the factual basis, and the trial court accepted the plea.

¶ 7     The presentence investigation report (PSI) indicated that defendant had a history of juvenile misconduct. In December 2012, he was adjudicated delinquent on two counts of felony residential burglary and received two years' probation. In 2013, he was adjudicated delinquent for committing residential burglary and aggravated robbery and was placed in a residential home for juveniles with 30 months' probation. He violated probation by running away from the home. In December 2016, he committed a Class A misdemeanor offense of unlawful possession of firearm ammunition and was adjudicated delinquent and placed on probation for one year, ending on February 23, 2018.

¶ 8     The PSI included a report from Peoria Public Schools District No. 150. It demonstrated that defendant had numerous conduct violations while attending high school. The report indicated that defendant had last attended 10th grade during the 2017 school year but dropped out before the end of the year. Defendant had behavioral issues in grade school as well. Beginning in 2010, defendant was disciplined, expelled, or suspended for various reasons, including acts of aggression, threats, bullying, trespassing, bringing a weapon to school (a BB gun), reckless conduct, insubordination, using inappropriate language, class disruption, disrespect, gang activity, cutting class, lying, dress code violations, and tardiness. In addition, both defendant's mother and his father had criminal records. Defendant was a victim of physical abuse by his mother when he was a baby. He was raised by his father and his grandmother because his natural mother was "in and out of jail." Defendant's mother was not involved in his life until he was seven years old. He said his mother was his "best friend" and his father was "like a brother." He stated that his father was his role model.

3

¶ 9        The PSI noted that following defendant's juvenile adjudications, he was placed in Kemmerer Village, a juvenile home for teenagers. While in custody, defendant was diagnosed with oppositional defiant disorder and moderate attention deficit hyperactivity disorder. He was prescribed medication and participated in individual and psychotherapeutic counseling weekly until he was discharged. He was referred to the Children's Home for services but did not participate in any further counseling.

¶ 10       According to the PSI intake officer, defendant only took "partial blame for the offense." During his interview, defendant stated that it should not have happened because guns were not supposed to be involved. He claimed he was "just selling weed to a person" and that he was not there when it happened. He said he wanted to see his daughter again, and he hoped to be sentenced to 13 years or less.

¶ 11       At sentencing, the court stated that the sentencing range for a Class X felony was 6 to 30 years, with 85% of the sentence to be served. The State argued that, even in light of new sentencing legislation for juvenile offenders, defendant deserved a severe sentence. It emphasized the aggravating factors, including that defendant initially denied involvement and that he was motivated by money and requested a sentence at or near the maximum.

¶ 12       In mitigation, defense counsel urged the court to consider defendant's unstable upbringing, his lack of a positive role models, and the need for emotional support. She reminded the court that the victim in this case survived the incident and that defendant was already punished for this offense by being charged as an adult. She requested a sentence of eight to ten years.

¶ 13       Neither the State nor the defense presented evidence in aggravation or mitigation. In allocution, defendant stated that he took "full responsibility for what [he] did."

4

Initially, the trial court stated that it had considered the PSI, counsels' arguments, and the defendant's statement in allocution, as well as the statutory factors in aggravation and mitigation, the history and character of the defendant, and the circumstances and nature of the offense. It then noted that several factors in aggravation weighed heavily against the defendant, including the threat of serious physical harm despite the victim's recovery, defendant's history of prior delinquency and criminal activity, and his failure to complete counseling and services that provided tools for rehabilitation.

¶ 14     In mitigation, the court made the following statement:

"In terms of factors in mitigation. I don't find many, if any, that apply. I will count on one that doesn't apply. As a trial court, I'll comment on the factor in mitigation that doesn't apply at my discretion. And the factor of the defendant's criminal conduct was a result of circumstances unlikely to occur and needs to be underscored. That does not apply in this case. You are headed down a torturous path of unlawful activity. This was the highlight.

\*\*\*

Maybe it's because you're a juvenile. Maybe it's because the Supreme Court of the country, let alone the state, requires us to consider as additional factors in mitigation in determining an appropriate sentence your youthful age. Everyone recognizes, as does this Court, a 16-year-old's impetuosity, lack of complete maturity, and full brain development, peer pressure in doing things with others that you'd never do on your own, arguably not to this extent. Your family background. You lived it. I [*sic*] doesn't look good on paper. That could have some impact on why you chose to do what you did. Your potential for rehabilitation is arguably better than a hardened 35-year-old criminal.

5

So, I want it known that I've specifically taken into account those juvenile factors that now must be in sentencing of this type."

The trial court then sentenced defendant to 25 years in the Department of Corrections, finding that such a term was appropriate and consistent with the ends of justice and necessary to deter others from similar acts.

¶ 15 Defendant moved to reconsider his sentence and withdraw his guilty plea, arguing that his sentence was excessive and the court failed to properly weigh the factors in mitigation and aggravation. Defendant also claimed that the court failed to properly consider the factors relative to sentencing a juvenile. In defendant's written motion, counsel stated that she had requested the transcripts and would review them and consult with defendant in compliance with Supreme Court Rule 604(d) (eff. July 1, 2017).

¶ 16 Five months later, counsel filed a Rule 604(d) certificate. It confirmed that she had met with defendant, that she had examined the trial court file and report of proceedings in the plea hearing and in the sentencing hearing, and that she had made "any amendments to the motion necessary for the adequate presentation of any defects in the proceedings." Counsel did not file an amended motion. At the hearing, counsel argued that defendant's plea should be withdrawn because he was pressured into taking it based on his fear that prosecutors might offer Jones a deal to testify against him. She also argued that defendant's sentence was excessive and that the trial court inappropriately emphasized defendant's school disciplinary records.

¶ 17 In denying the motion, the court stated that the additional statutory factors for sentencing a juvenile had been considered. The court noted that it evaluated defendant's school records and the PSI specifically in consideration of those factors. It also emphasized that defendant's crime was "horrendous" and "but for an inch here or there, the victim could have died and [defendant]

6

would be facing murder charges." The court concluded that it decided not to impose the maximum sentence of 30 years in consideration of defendant's youth.

¶ 18                                                    II. ANALYSIS

¶ 19                                    A. Mitigating Sentencing Factors

¶ 20        Defendant argues that his sentence is excessive because the trial court failed to consider the mitigating factors attendant to his youth as required by section 5-4.5-105(a) of the Unified Code of Corrections (Code) (730 ILCS 5/5-4.5-105(a) (West 2016)).

¶ 21        A reviewing court will not disturb the trial court's sentencing decision absent an abuse of discretion. *People v. Sharp*, 2015 IL App (1st) 130438, ¶ 134. The trial court abuses its discretion when its decision is "fanciful, arbitrary, or unreasonable to the degree that no reasonable person would agree with it." *People v. Ramos*, 353 Ill. App. 3d 133, 137 (2004). A sentence within the appropriate sentencing range is generally accorded great deference. *People v. Colon*, 2018 IL App (1st) 160120, ¶ 65. Where, as here, the defendant's sentence falls within the prescribed statutory limits, the reviewing court will not find an abuse of discretion unless the sentence is greatly at variance with the purpose and spirit of the law or is manifestly disproportionate to the offense. *People v. Means*, 2017 IL App (1st) 142613, ¶ 14.

¶ 22        Here, the sentencing range for the offense of aggravated battery was 6 to 30 years. Defendant's 25-year sentence falls within that range and was not a *de facto* life sentence. See *People v. Buffer*, 2019 IL 122327, ¶ 36. The trial court considered the factors in aggravation and mitigation, and defendant's sentence is presumed to be proper. We will not reweigh the factors or substitute our judgment for the trial court's because we would have weighed them differently. See *People v. Dickey*, 2011 IL App (3d) 100397, ¶ 20.

7

¶ 23    Alternatively, defendant maintains that the trial court abused its discretion in sentencing him because it failed to "meaningfully consider" the additional mitigating factors for juvenile defendants announced in *People v. Holman*, 2017 IL 120655, and codified in section 5-4.5-105(a) of the Code.

¶ 24    The United States Constitution prohibits "cruel and unusual punishments." U.S. Const., amend. VIII. Inherent to the eighth amendment's prohibition on cruel and unusual punishment is the concept of proportionality. *Holman*, 2017 IL 120655, ¶ 33. Proportionality concerns are heightened when it comes to children. In the case of a juvenile offender accused of a serious offense, "there is a genuine risk of disproportionate punishment." *Id.* Thus, the United States Supreme Court has advised that, for purposes of sentencing, juveniles are constitutionally different from adults. See *Miller v. Alabama*, 567 U.S. 460, 471 (2012). Compared to adult offenders, juvenile offenders have less moral culpability and greater rehabilitative potential. *Id.*; see also *People v. Luna*, 2020 IL App (2d) 121216-B, ¶ 21. They lack maturity, have a higher vulnerability to negative influences and outside pressures, and exhibit impulsive and impetuous characteristics. *Buffer*, 2019 IL 122327, ¶ 16

¶ 25    The Illinois Supreme Court has considered the effects of *Miller v. Alabama* and has held that both mandatory and discretionary juvenile sentences violate constitutional rights unless the sentencing court considers, as mitigation, "a juvenile defendant's youth and its attendant characteristics." *Id.* ¶ 36 (citing *Holman*, 2017 IL 120655, ¶¶ 45-46). In *Holman*, the court listed several mitigation factors that should be considered in addressing the characteristics of youth. *Holman*, 2017 IL 120655, ¶¶ 45-46. Our legislature has since codified those factors in the sentencing statute. Section 5-4.5-105(a) of the Code now provides that when a person commits an

8

offense and is under the age of 18, the trial court must consider the following additional factors in mitigation in determining an appropriate sentence:

"(1) the person's age, impetuosity, and level of maturity at the time of the offense, including the ability to consider risks and consequences of behavior, and the presence of cognitive or developmental disability, or both, if any;

(2) whether the person was subjected to outside pressure, including peer pressure, familial pressure, or negative influences;

(3) the person's family, home environment, educational and social background, including any history of parental neglect, physical abuse, or other childhood trauma;

(4) the person's potential for rehabilitation or evidence of rehabilitation, or both;

(5) the circumstances of the offense;

(6) the person's degree of participation and specific role in the offense, including the level of planning by the defendant before the offense;

(7) whether the person was able to meaningfully participate in his or her defense;

(8) the person's prior juvenile or criminal history; and

(9) any other information the court finds relevant and reliable, including an expression of remorse, if appropriate. However, if the person, on advice of counsel chooses not to make a statement, the court shall not consider a lack of an expression of remorse as an aggravating factor." 730 ILCS 5/5-4.5-105(a) (West 2016).

¶ 26    As the statute requires, trial courts must consider additional factors in mitigation in sentencing juvenile defendants. The trial court did so in this case. We agree with defendant's underlying premise: simply stating that defendant's youth and its attendant circumstances have been considered does not fulfill the spirit of the statute. Here, however, the record shows that the

9

trial court carefully and explicitly considered the mitigating factors listed in section 5-4.5-105(a). In imposing the defendant's sentence, the trial court spoke at length and noted repeatedly the defendant's youth, family background, prior juvenile history, and educational background. The court also evaluated defendant's rehabilitative potential and determined that defendant failed to take advantage of probation sentences and social services.

¶ 27 In addition, the court evaluated the factors in aggravation, noting the brutal nature of the crime and the disturbing motive behind the shooting. The trial court is not required to articulate every factor it considers in rendering a sentence. And its failure to do so does not mean that it did not take all the relevant factors into account. See *People v. Jones*, 2019 IL App (1st) 170478, ¶ 54 (when mitigating factors have been presented to the trial court, it is presumed the court considered those factors, absent a contrary indication). Further, the trial court's contemplation of defendant's sentence as a juvenile is highlighted by the fact that the court did not impose the maximum sentence for aggravated battery, explicitly stating that it chose a lesser sentence based on defendant's youth. The record before us negates defendant's argument that the trial court failed to consider the relevant mitigating factors in section 5-4.5-105(a) in determining the appropriate penalty. We find no abuse of discretion in the sentence imposed by the trial court.

¶ 28                                B. Postplea Proceedings

¶ 29 Defendant argues that his postplea proceedings failed to comply with Supreme Court Rule 604(d) because the written postplea motion filed by counsel did not include several issues she raised at the postplea hearing.

¶ 30 Supreme Court Rule 604(d) requires that no appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant files a motion to withdraw the plea and vacate the judgment within 30 days of the sentencing order. Ill. S. Ct. R. 604(d) (eff. July 1, 2017).

10

Additionally, Rule 604(d) requires defense counsel to file a certificate with the trial court verifying that counsel has consulted with the defendant to ascertain contentions of error, has examined the trial court file and both the report of proceedings of the plea and the sentencing hearing, and has made "any amendments to the motion necessary for adequate presentation of any defects in those proceedings." *Id.*

¶ 31        Rule 604(d) is designed to ensure defendants are provided their due process rights and to eliminate unnecessary appeals. *People v. Shirley*, 181 Ill. 2d 359, 362 (1998). Thus, "strict compliance with Rule 604(d) is required." *People v. Prather*, 379 Ill. App. 3d 763, 768 (2008). Generally, we consider the certificate itself to evaluate compliance with Rule 604(d). *People v. Neal*, 403 Ill. App. 3d 757, 760 (2010). Courts may consider the record where it undermines the certificate filed by counsel. *Id.* Whether defense counsel complied with Rule 604(d) is reviewed *de novo*. *People v. Grice*, 371 Ill. App. 3d 813, 815 (2007).

¶ 32        The proper remedy for counsel's failure to strictly comply with Rule 604(d) is to remand the cause to the trial court to file a new motion to withdraw the guilty plea and for a new hearing on the motion. See *People v. Bridges*, 2017 IL App (2d) 150718, ¶¶ 6, 12. However, where the defendant is afforded a full and fair postplea hearing, there is "limited value in requiring a repeat of the exercise, absent a good reason to do so." *Shirley*, 181 Ill. 2d at 369.

¶ 33        Here, defense counsel's certificate stated that: (1) she "consulted with defendant in person, by mail, by phone or by electronic means to ascertain the defendant's contentions of error in the entry of the plea of guilty and in the sentence," (2) she "examined the trial court file and report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing," and (3) she "made any necessary amendments to the motion necessary for the adequate presentation of any defects in those proceedings." The language in her certificate comports with the language of

11

the statute and is nearly identical to the terms and conditions imposed by the legislature. It strictly complies with Rule 604(d).

¶ 34 Moreover, defense counsel's arguments at the postplea hearing substantiated the claims she made in her Rule 604(d) certificate and no amendments were necessary. The issues she argued at the hearing related to the viability of the guilty plea and the court's failure to consider mitigating factors in imposing defendant's sentence. Those issues were properly preserved by the original written motion to reconsider the sentence and withdraw the guilty plea that counsel filed.

¶ 35 In this case, defendant was afforded the due process Rule 604(d) seeks to provide, and counsel's certificate strictly complied with the statutory requirements. Following her compliance, a hearing was held and arguments were heard. All of the issues raised by counsel were considered by the trial court, and defendant's contentions of error were preserved for our review. Defendant was afforded a full and fair opportunity to challenge his guilty plea and his sentence. Under these circumstances, we find that counsel complied with Rule 604(d) despite her decision not to amend the postplea motion. There is no reason to remand this matter for a new hearing. See *Shirley*, 181 Ill. 2d at 369 (court declined to remand for a new hearing where certificate filed on remand complied with Supreme Court Rule 604(d) and defendant received a full and fair hearing on his postplea motion).

¶ 36                                III. CONCLUSION

¶ 37 The judgment of the circuit court of Peoria County is affirmed.

¶ 38 Affirmed.