**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2022 IL App (3d) 200546-U

Order filed October 11, 2022

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2022

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 13th Judicial Circuit, La Salle County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-20-0546 Circuit No. 19-CF-225 |
| | ) | |
| TARA B. LYNCH, | ) ) | Honorable Howard C. Ryan Jr., |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

PRESIDING JUSTICE O'BRIEN delivered the judgment of the court.
Justices Holdridge and McDade concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*:   Postplea counsel failed to strictly comply with Illinois Supreme Court Rule 604(d).

¶ 2    Defendant, Tara B. Lynch, appeals her sentence for aggravated domestic battery. Defendant argues that postplea counsel did not strictly comply with Illinois Supreme Court Rule 604(d) (eff. July 1, 2017). We vacate and remand for further postplea proceedings.

¶ 3                                    I. BACKGROUND

¶ 4 On September 19, 2019, defendant entered an open plea to aggravated domestic battery, a Class 2 felony (720 ILCS 5/12-3.3(a) (West 2018)). After a hearing, the circuit court sentenced defendant to three years' imprisonment. Postplea counsel filed a motion to reconsider sentence on behalf of defendant. The court denied the motion. On appeal, we remanded the case for compliance with Rule 604(d). *People v. Lynch*, No. 3-20-0081 (2020) (unpublished minute order).

¶ 5 On remand, postplea counsel filed a new Rule 604(d) certificate and motion to reconsider sentence. The new certificate stated that counsel consulted with defendant in person to determine her contentions of error in her plea and the sentence, "examined the trial court file and report of proceedings of the plea of guilty," and made any necessary amendments to her motion to reconsider.

¶ 6 The court denied defendant's motion to reconsider sentence. Defendant appeals.

¶ 7 II. ANALYSIS

¶ 8 Defendant argues she is entitled to remand because postplea counsel failed to strictly comply with Rule 604(d). The State concedes postplea counsel's certificate did not comply with Rule 604(d) but argues that pursuant to *People v. Shirley*, 181 Ill. 2d 359 (1998), the matter should not be remanded because defendant received a full and fair hearing.

¶ 9 Rule 604(d) governs the procedures when a defendant wishes to appeal after entering a guilty plea. Ill. S. Ct. R. 604(d) (eff. July 1, 2017). The rule provides:

> "The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by phone, mail, electronic means or in person to ascertain defendant's contentions of error in the sentence and the entry of the plea of guilty, has examined the trial court file and both the report of proceedings of the plea of guilty and the report of proceedings in the sentencing

hearing, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." *Id.*

Strict compliance with Rule 604(d) is required. *In re H.L.*, 2015 IL 118529, ¶ 8. Postplea counsel must also prepare and file a certificate that meets the content requirements of the rule. *Id.* ¶ 25. The remedy for counsel's failure to comply with the requirements of Rule 604(d) is to remand for the filing of a new motion to reconsider, and a new hearing on the motion. *People v. Stefanski*, 2019 IL App (3d) 160140, ¶ 22. Compliance with the rule is reviewed *de novo*. *Id.*

¶ 10         Our decision in *People v. Evans*, 2017 IL App (3d) 160019, is particularly applicable to this case. In *Evans*, we held that multiple remands were necessary because counsel did not strictly comply with the rule, as he did not certify that he had examined the report of proceedings from the sentencing hearing. *Id.* ¶ 21. Here, as in *Evans*, the Rule 604(d) certificate expressed that counsel had examined the report of proceedings of the guilty plea but was silent as to whether counsel examined the report of proceedings of the sentencing hearing. See *id.*; *supra* ¶ 5. Because Rule 604(d) requires counsel to certify that he examined the transcript of the sentencing hearing, we find counsel failed to comply with the rule.

¶ 11         The State concedes that postplea counsel's certificate is noncompliant but argues that remand is not necessary. Specifically, it argues that under *Shirley*, 181 Ill. 2d 359, there is no need to remand the matter if defendant has been afforded a full and fair opportunity to present his or her postplea motion. We find the State's reliance on *Shirley* to be misplaced.

¶ 12         In *Shirley*, the defendant's case had already been remanded once for Rule 604(d) compliance. *Id.* at 364. Two compliant certificates had been filed, and a hearing was properly held before the circuit court. *Id.* Neither of those certificates, however, were filed at the correct time. Thus, the issue in *Shirley* was one of timing. Our supreme court held remand was unnecessary

because the defendant had been afforded a full and fair opportunity to present his postplea motions. *Id.*

¶ 13       This court has since held that *Shirley* does not stand for the principle that a matter may only be remanded one time for Rule 604(d) compliance. See *Evans*, 2017 IL App (3d) 160019, ¶ 24; *People v. Hagerstrom*, 2016 IL App (3d) 140559, ¶¶ 10-13. Instead, *Shirley* holds that technical noncompliance with Rule 604(d) need not give rise to multiple remands, so long as the defendant still receives a full and fair hearing. *Shirley*, 181 Ill. 2d at 369. "[I]n *Shirley*, multiple substantively compliant certificates were filed, but the timing of the certificates rendered them technically noncompliant. Thus, it is the *substantive* compliance with the Rule 604(d) certification requirements that ensures a full and fair postplea hearing." (Emphasis in original.) *Evans*, 2017 IL App (3d) 160019, ¶ 24 (citing *People v. Love*, 385 Ill. App. 736, 739 (2008)).

¶ 14       Unlike the circumstances presented in *Shirley*, counsel did not file a substantively compliant certificate. Accordingly, because the certificate filed by defense counsel did not comply with the substantive requirements of Rule 604(d), defendant was not provided a full and fair postplea hearing. *Love*, 385 Ill. App. 3d at 739 ("[W]here compliance with the substantive requirements of Rule 604(d) is doubtful, so is the fairness of the proceedings."). For defendant to receive a full and fair hearing on his postplea motion, we must again remand the matter to the circuit court for new postplea proceedings held in strict compliance with Rule 604(d).

¶ 15                                III. CONCLUSION

¶ 16       The judgment of the circuit court of La Salle County is vacated and remanded with directions.

¶ 17       Vacated and remanded with directions.

4