NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2023 IL App (4th) 220471-U

NOS. 4-22-0471, 4-22-0474 cons.

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
June 28, 2023
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | McLean County |
| JONATHAN S. CLINE, | ) | Nos. 20CF362 |
| Defendant-Appellant. | ) | 20CF817 |
| | ) | |
| | ) | Honorable |
| | ) | William G. Workman, |
| | | Judge Presiding. |

_____

JUSTICE LANNERD delivered the judgment of the court.
Presiding Justice DeArmond and Justice Doherty concurred in the judgment.

**ORDER**

¶ 1   *Held:*   The trial court's order denying defendant's motion to withdraw his guilty plea is vacated and the cause is remanded with directions for defense counsel to strictly comply with Illinois Supreme Court Rule 604(d) (eff. July 1, 2017).

¶ 2       In March 2021, defendant, Jonathan S. Cline, pled guilty to one count of being an armed habitual criminal (720 ILCS 5/24-1.7(a)(1) (West 2020)) and one count of theft (720 ILCS 5/16-1(a)(1)(A) (West 2020)). The trial court sentenced defendant to 10 years' imprisonment on the armed habitual criminal conviction, to be served at a truth-in-sentencing rate of 85%, consecutive to 4 years' imprisonment on the theft conviction, to be served at a truth-in-sentencing rate of 50%. Defense counsel, Ronald Lewis, timely filed a "Motion to Withdraw Guilty Plea or in the Alternative, Motion to Reconsider Sentence," which the court denied.

¶ 3       Defendant appeals, contending (1) postplea counsel Matthew Koetters failed to

comply with Illinois Supreme Court Rule 604(d) (eff. July 1, 2017) or, in the alternative, the trial court abused its discretion in denying defendant's motion to withdraw his guilty plea and (2) the court erred by considering facts inherent in the offense of being an armed habitual criminal when imposing defendant's sentence. We vacate the court's denial of defendant's motion to withdraw his guilty plea and remand with directions.

¶ 4                              I. BACKGROUND

¶ 5        In May 2020, defendant was charged in McLean County case No. 20-CF-362 with being an armed habitual criminal (720 ILCS 5/24-1.7(a)(1) (West 2020)), unlawful possession of weapon by a felon (720 ILCS 5/24-1.1(a) (West 2020)), and unlawful possession of methamphetamine (720 ILCS 646/60(a) (West 2020)). Three months later, defendant was charged in McLean County case No. 20-CF-817 with burglary (720 ILCS 5/19-1(a) (West 2020)), four counts of theft (two counts pursuant to 720 ILCS 5/16-1(a)(1)(A) (West 2020) and two counts pursuant to 720 ILCS 5/16-1(a)(4)(A) (West 2020)), unlawful possession of a controlled substance (720 ILCS 570/402(c) (West 2020)), and unlawful possession of hypodermic syringes (720 ILCS 635/1 (West 2020)). The trial court appointed Lewis to represent defendant in both cases.

¶ 6        Almost a year later, defendant pled guilty to one count of being an armed habitual criminal and one count of theft. Defendant signed a written waiver of jury trial and guilty plea form, along with an order entitled "Open Plea Agreement." In exchange for defendant's guilty plea—which the trial court characterized as an open plea—the State agreed to dismiss the remaining counts in both case Nos. 20-CF-362 and 20-CF-817 and McClean County case Nos. 20-CF-206, 20-DT-203, and 20-TR-4534. Under the plea agreement, defendant faced between 8 and 40 years' imprisonment. See 730 ILCS 5/5-8-4(d)(9) (West 2020). Defendant was ineligible for probation or conditional discharge due to defendant's guilty plea to being an armed habitual

criminal. See 730 ILCS 5/5-4.5-25(d) (West 2020).

¶ 7        At defendant's sentencing, the trial court sentenced defendant to 10 years' imprisonment in case No. 20-CF-362, to be served at a truth-in-sentencing rate of 85% and 4 years' imprisonment in case No. 20-CF-817, to be served at a truth-in-sentencing rate of 50%. They were mandatorily consecutive sentences. See 730 ILCS 5/5-8-4(d)(9) (West 2020).

¶ 8        Lewis timely filed a "Motion to Withdraw Guilty Plea or in the Alternative, Motion to Reconsider Sentence," which proposed alternative arguments. The first was the trial court should allow defendant to withdraw his guilty plea because his plea was not knowing and voluntary. To support this argument, the motion alleged "Defendant was not aware, and did not contemplate, that the 20 CF 362 sentence was to be served at 85%." Alternatively, if the court did not allow defendant to withdraw his guilty plea, Lewis argued the court should reconsider defendant's sentences because the sentences imposed were excessive. No affidavit was filed in support of the motion.

¶ 9        The State filed a written response arguing defendant should not be allowed to withdraw his guilty plea. It asserted that the truth-in-sentencing rate is a collateral consequence, and the trial court is not required to admonish a defendant of collateral consequences before accepting his guilty plea. The State's response did not address defendant's alternative request for the court to reconsider defendant's sentence.

¶ 10        Prior to the hearing on defendant's motion, Lewis withdrew and Koetters entered his appearance. Koetters did not make any amendments to the motion filed by Lewis.

¶ 11        In October 2021, the trial court held a hearing on the motion. Neither party presented evidence. During his argument, Koetters proffered that Lewis "d[id] not recall a specific conversation in which he discussed the sentence of—at being 85 percent." Koetters then stated,

"[Defendant] believes that it was always discussed that basically any DOC sentence was going to be 50 percent," and "that is the reason that we're asking the Court to take back [defendant's] guilty plea, or in the alternative reconsider the number of years that the Court sentenced him to." The State argued that the truth-in-sentencing rate is a collateral consequence, and the court was not required to admonish defendant as to the collateral consequences of his guilty plea. Therefore, the State opined that there was no basis for defendant to withdraw his guilty plea. Additionally, the State contended defendant's sentence was appropriate based on the statutory factors in aggravation and mitigation.

¶ 12    The trial court denied defendant's motion, concluding that the truth-in-sentencing rate is a collateral consequence. Accordingly, it was not required to admonish defendant of collateral consequences for his plea to be knowing and voluntary. The court did not address defendant's alternative request to reduce his sentence.

¶ 13    That same day, defendant filed a timely notice of appeal. On appeal, this court remanded because neither Lewis nor Koetters filed a certificate pursuant to Rule 604(d). *People v. Cline*, No. 4-21-0575 (Jan. 26, 2022) (disposition on agreed motion for summary remand). In the disposition, this court stated:

> "This cause is remanded to the circuit court for (1) the filing of a [Rule] 604(d)
> certificate; (2) the opportunity to file a new Rule 604(d) motion, if counsel
> concludes a new motion is necessary; (3) a new hearing; (4) a ruling on all pending
> Rule 604(d) motions; and (5) strict compliance with the requirements of Rule
> 604(d)." *Cline*, No. 4-21-0575 (Jan. 26, 2022).

¶ 14    Subsequently, Koetters filed a Rule 604(d) certificate but made no amendments to the original motion filed by Lewis in May 2021. Koetter's certificate stated:

"1. I have consulted with the defendant in person to ascertain defendant's contentions of error in the sentence or the entry of the plea of guilty;

2. I have examined the trial court file and the report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing; and

3. I have made any amendments to the motion necessary for adequate presentation of any defects in those proceedings."

¶ 15 In May 2022, the trial court held a new hearing on defendant's motion. Neither party presented evidence. Koetters argued that the court should allow defendant to withdraw his guilty plea because "[m]y client was under the impression, in talks with Mr. Lewis, that that was a 50 percent sentence." However, he acknowledged truth-in-sentencing is a collateral consequence and asked the court to "reconsider that law." Koetters failed to request that the court incorporate his argument from the hearing prior to remand along with his prior proffer. The State stood on its written response to defendant's motion and stated, "We believe that the—the 85 percent is a collateral matter." Neither party addressed the alternative request for the court to reconsider defendant's sentence, as set forth in the original motion. The court denied defendant's motion, holding that truth-in-sentencing is a collateral consequence of a guilty plea.

¶ 16 This appeal followed.

¶ 17                                    II. ANALYSIS

¶ 18 Defendant presents two arguments on appeal. First, defendant argues the trial court abused its discretion in denying his motion to withdraw his guilty plea or, in the alternative, his cases should be remanded for the filing of a new motion to withdraw the plea because Koetters failed to comply with Rule 604(d). Second, defendant contends the court erred by considering facts inherent in the offense of being an armed habitual criminal when imposing his sentence. We agree

- 5 -

with defendant's argument that his cases should be remanded for the filing of a new motion to withdraw his guilty plea because the record shows Koetters failed to comply with Rule 604(d).

¶ 19 The issue of whether defense counsel properly complied with Rule 604(d) is reviewed *de novo*. *People v. Gorss*, 2022 IL 126464, ¶ 10, 194 N.E.3d 490. Pursuant to Rule 604(d):

> "The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by phone, mail, electronic means or in person to ascertain defendant's contentions of error in the sentence and the entry of the plea of guilty, has examined the trial court file and both the report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." Ill. S. Ct. R. 604(d) (eff. July 1, 2017).

Our supreme court has consistently held that Rule 604(d) must be strictly complied with, and "failure to do so requires 'a remand to the circuit court for the filing of a new motion to withdraw guilty plea *** and a new hearing on the motion.' " *Gorss*, 2022 IL 126464, ¶ 19 (quoting *People v. Janes*, 158 Ill. 2d 27, 33, 630 N.E.2d 790, 792 (1994)). An attorney's strict compliance with Rule 604(d) is crucial because "Rule 604(d) is [designed] to ensure that any errors that may have resulted in a guilty plea and subsequent sentence are brought to the attention of the circuit court before appeal." *Gorss*, 2022 IL 126464, ¶ 15. Additionally, "[t]he point of the rule is to *protect the defendant's interests through adequate consultation*." (Emphasis in original.) *Gorss*, 2022 IL 126464, ¶ 16.

¶ 20 Defendant contends that while Koetters filed a facially valid Rule 604(d) certificate,

- 6 -

his assertions in the certificate are rebutted by the record. In *People v. Bridges*, 2017 IL App (2d) 150718, ¶ 8, 87 N.E.3d 441, the Second District Appellate Court held that even when counsel files a "facially valid certificate of compliance, we may consult the record to determine whether she actually fulfilled her obligations under Rule 604(d)." Defendant alleges Koetters did not fulfill his obligations under Rule 604(d) because he failed to "ma[ke] any amendments to the motion necessary for adequate presentation of any defects in [the] proceedings." Ill. S. Ct. R. 604(d) (eff. July 1, 2017).

¶ 21        "In order to withdraw his plea, a defendant must establish a recognized basis for such withdrawal." *People v. Millsap*, 2022 IL App (4th) 210192, ¶ 17, 196 N.E.3d 1195. "Withdrawal is appropriate where the plea was entered through a misapprehension of the facts or of the law or where there is doubt as to the guilt of the accused and justice would be better served through a trial." *People v. Hughes*, 2012 IL 112817, ¶ 32, 983 N.E.2d 439. Withdrawal is also appropriate in cases involving ineffective assistance of counsel. In those cases, " 'the defendant must show (1) deficient performance (*i.e.*, counsel's representation fell below an objective standard of reasonableness) and (2) prejudice (*i.e.*, but for counsel's unprofessional errors, the result of the proceeding would have been different).' " *People v. Curtis*, 2021 IL App (4th) 190658, ¶ 31, 186 N.E.3d 467 (quoting *People v. Glover*, 2017 IL App (4th) 160586, ¶ 39, 85 N.E.3d 815).

¶ 22        In this case, Koetters solely alleged, "Defendant was not aware, and did not contemplate, that the 20 CF 362 sentence was to be served at 85%," and thus, defendant should be allowed to withdraw his guilty plea. He failed to provide any legally recognized basis for defendant to withdraw his guilty plea, such as defendant would not have pled guilty if he was correctly advised as to truth-in-sentencing or, alternatively, that Lewis provided ineffective assistance of counsel by either (1) failing to properly advise defendant as to truth-in-sentencing or

(2) incorrectly advising him as to truth-in-sentencing. This failure was further compounded by Koetters not calling defendant or Lewis as witnesses at the hearing on defendant's motion. Either individual could have been examined as to any potential conversations, or lack thereof, regarding truth-in-sentencing. See *People v. Shirley*, 181 Ill. 2d 359, 369, 692 N.E.2d 1189, 1194 (1998) (concluding that where a defendant receives a full and fair hearing, this court will not remand for technical compliance with Rule 604(d)). Although Koetters did proffer that Lewis "d[id] not recall a specific conversation in which he discussed the sentence of—at being 85 percent," Lewis was not under oath or subject to further questioning by the trial court about these alleged conversations. Furthermore, this proffer occurred at the first motion to withdraw hearing prior to the remand. At the second hearing on the motion to withdraw, Koetters did not make such a proffer or incorporate his arguments from the prior hearing. Consequently, the proffer was not presented in support of defendant's motion following remand. Therefore, while Koetters's certificate was facially valid, the record rebuts his suggestion that he "made any amendments to the motion necessary for adequate presentation of any defects in [the] proceedings." Ill. S. Ct. R. 604(d) (eff. July 1, 2017). In this case, his failure to present evidence or provide argument following remand compounded the issue of noncompliance with Rule 604(d) when Koetters failed to make any necessary amendments to defendant's motion to adequately present the alleged defects in the proceedings.

¶ 23 In its brief on appeal, the State first contends defendant has waived this argument on appeal because his arguments "draw upon issues or claims not raised before the trial court and in his motion to withdraw guilty plea or reconsider sentence." However, defendant's argument on appeal is that Koetters—*through his noncompliance with Rule 604(d)*—failed to present these arguments to the court. According to defendant, the failure to strictly comply with Rule 604(d) and set forth a legally recognized basis for defendant to withdraw his guilty plea is the reason the record

is devoid of these arguments. Similarly, in response to the State's next argument that defendant's contentions are rebutted by the record due to a lack of evidence, the record fails to support defendant's contentions because Koetters failed to set forth a legally recognized basis for the withdrawal of defendant's guilty plea and any evidence to support that contention.

¶ 24 Accordingly, we vacate the trial court's denial of defendant's motion to withdraw his guilty plea and remand for further proceedings. We express no opinion on the merits of the substantive arguments raised by defendant in his motion to withdraw his guilty plea. Further, because we vacate the trial court's denial of defendant's motion to withdraw his guilty plea and remand for further proceedings, we decline to address defendant's other claim on appeal. Depending on the result of the proceedings on defendant's motion to withdraw his guilty plea, that issue may become moot. However, this court retains jurisdiction on that issue in the event it remains applicable after remand.

¶ 25 III. CONCLUSION

¶ 26 We vacate the denial of defendant's motion to withdraw his guilty plea and remand the cause to the trial court for defense counsel's strict compliance with Rule 604(d).

¶ 27 Vacated; cause remanded with directions.